HARVEY *v.* SPAULDING.

Under the Code, the refusal of the court to permit a party to amend his pleadings, constitutes a ground of error, which will be reviewed by the appellate court.

While the Code permits liberal amendments of the pleadings in a cause, upon terms, yet the right to amend cannot be without limit and without restraint, nor is it wholly withdrawn from the control of the court.

The court may exercise its discretion so far as to see that an amendment asked for, is substantial, and that it is not a repetition of the former pleading.

A party may amend his pleadings, upon proper terms, until he finds that he can plead a sufficient defense, (and the like in other pleadings); yet,

where he has amended once, and seeks to do so again, he must show that the change which he offers to make, is a substantial one.

Where it is assigned for error, that the court erred in refusing to allow the appellant to amend his pleadings, it must be shown to the appellate court what the amendment was which he desired to make, so that that court may be able to determine whether substantial matter was rejected.

*Appeal from the Dubuque District Court.*

MONDAY, DECEMBER 20.

ACTION UPON A PROMISSORY NOTE. The plaintiff demurred to the answer of the defendant, and the demurrer was sustained. The defendant amended, and the plaintiff demurred again, and the demurrer was sustained, upon which the defendant again asked leave to amend, and it was refused. This is the matter assigned as error, and formed the only question before the court.

*Samuels & Allison,* for the appellant.

*John L. Harvey, pro se.*

WOODWARD, J.—The plaintiff presents many authorities to show that amendments are in the discretion of the court, and that the permission or refusal, constitutes no ground of error; and that an appellate tribunal will not control that discretion. But the question is, whether the Code changes the law in any respect, or to any degree. And we believe it does.

The Code, (section 1755), intends to permit amendments liberally, upon terms prescribed. But the right cannot be without limit, and without restraint. It is not wholly withdrawn from the control of the court. The party amended once, and this was held to be insufficient. He asks to amend again, but he does not show what the proposed pleading was to be. Suppose it were the same with the former, or with the original, or frivolous. The court must exercise the discretion to see that it is substantial, and that it is not a repetition of the former pleading. It does not

appear that the defendant tendered an amended pleading, and it is not made known to this court, what the amendment was which he desired to make, so that we are unable to determine whether substantial matter was rejected. Whilst the inclination of our minds is to the opinion, that a party may amend, upon proper terms, until he finds that he cannot plead a sufficient defense, (and the like in other pleadings), yet, where he has amended once, and seeks to do so again, he must show that the change which he offers to make again, is a substantial one. As this was simply a request for leave to amend the second time, without showing the amendment proposed, it is not made to appear that the court erred in refusing it.

As we have before remarked, in the case of *Bebb* v. *Preston*, 3 Iowa, 326, the permitting amendments goes no further than the dismissal of a cause, and allowing a party to begin again, but it keeps him in court. And while the subject of cost is under the control of the court, it would seem that no injury is wrought to any one. The case of *Bebb* v. *Preston* does not present the subject in the same bearing. That was the question whether a party could amend at a certain stage of the cause.

For the reason before given, the judgment of the district court is affirmed.