## MATHER v. BUTLER COUNTY.

1. COUNTY: ACTION AGAINST. Chapter 93, Laws of 1862, is limited in its application to actions commenced after the taking effect thereof.

2. AMENDMENT: ADDITIONAL COUNT. An amendment to a petition by the addition of another count will not be regarded as the commencement of a new action, where it appears on the face of the petition as amended, that the cause of action stated in the new count is upon the same state of facts on which the cause of action stated in the original petition is based.

*Appeal from Blackhawk District Court.*

FRIDAY, APRIL 15.

THIS suit was originally brought in the county of Butler, and was afterwards taken by change of venue to the county of Blackhawk. The Court sustained a demurrer by defendant to the the plaintiff's amended petition, and rendered judgment against the plaintiff for costs, from which he appeals. The facts are sufficiently stated in the opinion.

*C. H. Conklin* and *I. M. Preston & Son* for the appellant, cited 1 Van Sant. Pl. (2d ed.), pp. 798–803; Rev., 1860, §§ 2972–2977; 1 Barb. Ch Pr., 120; 1 Whitt. N. Y. Pr., 348; 1 Chitt. Pl., 264.

*B. W. Poor* for the appellee.

COLE, J.—The original petition in this case was filed July 3, 1861, claiming one thousand dollars, balance due on a written contract, for the furnishing materials and doing the carpenter and joiner work in and about the erection of a court house for the defendant. The notice was served on the same day. To this petition there was a general denial by defendant. On the 15th day of July, 1862, the plaintiff filed an amended petition, claiming the same amount as in his original petition, and alleging that there was a second contract for other work on the court house,

which had been performed and paid for, and the amount claimed was due on the first contract.

The defendant's answer was filed the same day, denying indebtedness on the first contract, and alleging that the second was a substitute for the first, and that plaintiff had been fully paid for his work. The plaintiff obtained leave of Court on the 28th day of October, 1863 (which was granted on payment of all costs after the commencement and filing fees), to file a second amended petition, and filed the same on that day, in which he claimed "twenty-five hundred dollars in addition to the amount claimed in said first amended petition." This amended petition was for work and labor done, materials, lumber, nails, paint, &c., furnished for the defendant, a copy of the account for which, was referred to, and annexed to said petition.

The account annexed begins as follows, viz.: "To work and materials furnished and rendered in and about the erecting of a court house for defendant," &c. To this second amended petition, the defendant demurred, because it was upon an unliquidated claim against the County of Butler, and there was no averment that the same had been presented to the Board of Supervisors and payment demanded. This demurrer was sustained by the Court, whereupon the plaintiff withdrew his cause of action, as set up in his first amended petition, and declined to plead over, and judgment was thereupon rendered for defendant, for costs.

By an act approved April 2, 1862 (see chap. 93 of the Laws of 1862), it is provided "that no action shall be hereafter brought in any of the Courts of this State, against any county therein, on any unliquidated claim against such county, until the same shall have been first presented to the Board of Supervisors, and payment thereof demanded, anything in the law now in force to the contrary notwithstanding."

This law, by its express language, is limited in its application to actions " hereafter brought." There is no controversy as to the fact that this suit was brought before the passage of the law, but it is claimed that the second amended petition is not only a distinct count of itself, but that it is a new and distinct cause of action " in addition to " the first petition. While it is true that the original petition and the first amendment are based upon written contracts, and this last amendment is based upon an account, yet an examination of the latter sufficiently discloses the fact that it is for the same work, labor and materials sued for in the former.

Our attention has been directed to sec. 2934 of the Revision, which provides that " one cause of action, defense, set-off, counterclaim, cross-demand, or reply, shall be expressed in but one statement, and not in various counts or divisions. If such be done, the adverse party may move to strike out all but one of such counts, or divisions," &c. ; and it is argued from this that the plaintiff having stated, in effect, different counts, will be presumed to claim for different causes of action, and not for the same cause.

But by reference to the following section of the Revision, § 2935, it will be seen that where there has been a transaction growing out of a former one, and the plaintiff is not clear upon which he is entitled to recover, he may state the same in distinct counts, &c. The language of this section appears to be very applicable to the case as made by the pleadings, and although the plaintiff failed to state that he claimed to recover but for one of such causes, yet this section seems quite sufficient to repel the presumption sought to be deduced from the other.

It appears to this Court that the second amended petition did not set up any different claim from that presented in the original and first amended petition, and that it cannot

be regarded as an action brought after the passage of the act referred to, and is not within its provisions.

Our Code of Practice has provided most liberally for amendments at all stages of a cause (Revision, § 2972 to §2978); and we are quite unwilling by any strict judicial construction or otherwise to restrict the application of those provisions, either in their letter or spirit.

The judgment of the District Court is reversed, and cause remanded, with instructions to overrule the demurrer and permit defendant to answer.

Reversed.