THE STATE OF IOWA, *ex rel.* FLOYD, v. THE MAYOR AND
    CITY COUNCIL OF THE CITY OF KEOKUK.

1. **Practice:** AMENDMENT. Under the Code of 1851, § 1759, it was compe-
   tent for the court to allow a material amendment to pleadings at any
   stage of the proceedings.

2. —— MANDAMUS. The power to allow amendments to pleadings extends
   to cases of mandamus.

3. —— DISCRETION. Applications for leave to amend pleadings are always
   addressed to the sound discretion of the court.

4. —— METHOD OF RESISTANCE. The sufficiency of an amendment cannot
   be properly assailed by resistance to a motion for leave to file; but upon
   appeal from a ruling refusing to allow an amendment, the appellate
   court will examine the amendment proposed for the purpose of deter-
   mining whether the appellant has been prejudiced by such ruling.

*Appeal from Lee District Court.*

FRIDAY, APRIL 14.

THIS is an application for a mandamus, to compel the
mayor and common council of the city of Keokuk to pub-
lish, as provided by law, a list of lots and lands assessed
for damages by reason of change of grade for a street, and
to pay to the relator the amount allowed him by the com-
missioners. The alternative writ was issued and served
upon the defendants, who appeared and made their return.
There was a motion to quash the return, and the cause
was agreed to be submitted to the court thereon; but,
before it was submitted, the defendants moved the court
for leave to amend their return to the alternative writ, and
offered the amendment they desired to file. The court
sustained the motion, and the relator excepted and appealed.

*P. T. Lomax* for the appellant.

*Henry Strong* for the appellees.

COLE, J. — The only error complained of, was in sustaining defendants' motion for leave to amend their return.

1. PRACTICE: amendment. The right to amend is one thing, and the sufficiency of the amendment is quite another. This proceeding was commenced under the Code of 1851, and is therefore governed by it. (Rev., § 4172.) By that Code, the court may allow material amendments at any stage of the proceedings. (Code of 1851, § 1759; see, also, *Mather* v. *Butler County*, 16 Iowa, 59.) There is no reason

2. —— mandamus. why this power to allow amendments should not extend to cases of mandamus; and as such cases are not excluded by the language of the law, we hold that they are included in it, and the right of amendment is the same in those cases as in other civil proceedings. This right of amendment in mandamus proceedings existed at the common law, and was permitted in "furtherance of justice." Tap. on Mandamus, 368.

But the right to amend is not absolute in all cases; it is, to a greater or less extent, within the sound discretion of

3. —— discretion. the court. (*Harvey* v. *Spaulding*, 7 Iowa, 423; *Hunt* v. *Collins*, 4 Id., 56; *Brink* v. *Morton*, 3 Id., 412; *Williams* v. *Miller*, 10 Id., 344.) And in this case we see no abuse of such discretion.

The sufficiency of an amendment cannot properly be assailed by a resistance to a motion for leave to file it. To

4. —— method of resistance. allow such resistance to be construed, at the pleasure of the party, into a demurrer or motion to strike out, or objections to it as being inconsistent or contradictory and the like, would lead to complexity and confusion rather than precision and perspicuity. It would also allow the party to make his resistance upon one basis to the court below, and upon another on an appeal, since the whole field of objections would be open to him in his resistance to the motion.

While this is the only safe rule of practice, it is true, also,

that when the court below *refuses* leave to file the amendment offered, and an appeal is taken therefrom, the appellate court will look into the amendment, and, if it is found wholly insufficient, will affirm the judgment, on the ground that the party appealing must not only show error, but must also show error to his prejudice; and, of course, there could be no prejudice in refusing leave to file an amendment which would be wholly unavailing to the party, by reason of its clear insufficiency when filed. (*Harvey* v. *Spaulding*, 7 Iowa, 424; *Mayer* v. *Woodbury et al.*, 14 Id., 57.)

We do not pass upon the sufficiency or insufficiency of the amendment offered, but only that the court did not err in granting leave to defendants to file it. If the defendants are so advised, they may still assail it for insufficiency in any of the methods recognized by our practice.

Affirmed.