C. B. ROBERDEE AND MRS. C. B. ROBERDEE, Appelles, v. WM. BIERKAMP, JR. AND BRADY PIATT, SHERIFF OF CEDAR COUNTY, IA., Appellants.

**Pleadings:** AMENDMENT: DISCRETION. It is the statutory right of 1 litigants to amend their pleadings at almost any stage of the proceedings to the end that all their rights may be settled in the one action, subject however to such reasonable conditions as the court may impose for the purpose of guarding against an abuse of the right of amendment. In the instant case the plaintiff was properly allowed to amend his petition for the vacation of a judgment on a real estate contract, for the purpose of setting out the facts more explicitly and asking additional relief, even though the amendment was not filed until after the cause was tried and submitted; leave having been granted to either party to introduce further testimony.

**Same.** It is the rule to allow rather than refuse amendments to plead-2 ings and is a matter largely within the discretion of the trial court, to be exercised in the light of all the facts and circumstances of the particular case; and the court's ruling upon the matter will not be disturbed on appeal in the absence of a showing of an abuse of its discretion. In the instant case the court did not abuse its discretion in setting aside the submission and allowing plaintiff's amendment.

*Appeal from Cedar District Court,* HON. W. H. TREICHLER, Judge.

THURSDAY, JULY 3, 1913.

APPEAL from the action of the court in setting aside the submission of the cause and granting plaintiff leave to file an amendment to his petition.—*Affirmed.*

*F. J. Casterline,* for appellant.

*France & Rowell,* for appellees.

GAYNOR, J.—On the 4th day of September, 1906, the plaintiff C. B. Roberdee purchased of defendant, by a written contract, certain real estate, for the sum of $4,000, of which $400 was paid down, and the balance to be paid in monthly installments of $50 each, commencing on the 1st of October, 1906. In the contract appears the following:

If any default is made in any of the payments or agreements above mentioned to be performed by the party of the second part, this agreement shall be void and of no effect, and the party of the second part shall have no claim in law or equity against the party of the first part, nor to the above-mentioned real estate, or any part thereof; and any claim or interest or right the party of the second part may have thereunder up to that time by reason thereof, or to any payments or improvements made thereunder, shall, on all such default cease and determine, and become forfeited, without any declaration of forfeiture, re-entry, or any act of the party of the first part.

Thereafter the plaintiff paid two of the monthly installments only. On the 25th day of August, 1908, the defendant commenced an action against the plaintiff upon said contract, alleging, among other things, that the plaintiff had made default in the payment of the installment coming due on November 1, 1906, and each subsequent one up to and including, August 1, 1908, except the installment of May 1, 1907; and in said action a judgment was rendered in favor of defendant against the plaintiff and his wife for the amount so claimed, attorney's fees, interest, and costs, and the judgment so entered stood upon the records unsatisfied at the time the action now before us was commenced. This action was commenced on June 26, 1911. The plaintiff alleges, among other things, that in the summer of 1908, he entered into an oral contract with this defendant, whereby it was agreed between them that the plaintiff should surrender the possession of the premises, hereinbefore mentioned, to the defendant, and that the defendant should cancel the contract hereinbefore re-

ferred to, and return to him all the notes executed and delivered in pursuance thereof; that the plaintiff, relying upon said agreement, made no defense to the action in which the judgment was entered; that afterwards, in October, 1908, and in pursuance of said oral agreement, the plaintiff executed a quitclaim deed to the defendant, conveying any interest he and his wife might have, by reason of said contract, in the said real estate, and delivered the same to him; that he did not discover that a personal judgment had been rendered against him and his wife until on or about the 15th day of October, 1908, at which time the defendant agreed and promised to cancel the judgment, but has failed and neglected to do so, and has caused an execution to issue thereon. The plaintiff prays for a decree vacating and canceling the judgment, and for a temporary writ of injunction restraining proceedings under the judgment. The plaintiff further, in an amendment, says that on or about October 15, 1908, at the time the agreement to cancel the judgment was entered into, and as part consideration therefor, he paid to the defendant the sum of $150 in cash. Defendant, after admitting certain of the allegations of plaintiff's petition, denies all material portions thereof. Upon the issues so tendered, the cause was tried to the court, and fully submitted on the 22d day of December, 1911. On the 1st day of January, 1912, the plaintiffs filed a motion to set aside the submission, and for leave to amend their petition. To the motion so filed, the plaintiff attached the proposed amendment. The defendant thereupon filed a motion to strike plaintiff's motion to set aside the submission and for leave to amend the petition, and to strike the proposed amendment from the files. Thereupon the court overruled defendant's motion to strike, and ordered that the submission of the cause be set aside and leave given plaintiff to file the proposed amendment. Leave was also given either party to introduce further testimony, and the cause was thereupon continued, and from this action of the court, the defendant appeals.

It is not clear, nor are we fully agreed, that an appeal lies from such an order. However, waiving that question, we proceed to determine whether or not the court erred therein. The defendant contends that the court erred in setting aside the submission and permitting plaintiff to file an amendment, in this: That the amendment so filed materially changes the cause of action alleged in plaintiff's original petition, and therefore should not be allowed after the trial and submission of the cause. The proposed amendment, after referring to the matters set out in the original petition, contained the following allegations:

That the defendant herein holds in his possession, or under his control, the remainder of the $50 notes mentioned and referred to in the contract, on which no judgment has been entered, and that said notes so held are negotiable in form; that on the 1st day of February, 1909, without the consent of the plaintiffs, the defendant took possession of the real estate in controversy, and, without notifying plaintiffs of his intention, declared a forfeiture of the contract, and converted the premises to his own use, collected the rents and profits from and after that date, and on or about the 19th day of July, 1909, sold and conveyed the premises, by warranty deed, to one W. A. Smith, and delivered to him possession, and ousted the plaintiff therefrom; that the sale was made without the knowledge or consent of the plaintiff; that plaintiff has paid to the defendant, in all, upon said premises, the sum of $650, which sum has been retained by the defendant, together with the notes given on the contract, not in the judgment aforesaid; that by reason of the facts aforesaid, the obligations of the plaintiffs under said contract have ceased and terminated, and they thereby became entitled to the return of the purchase money paid, together with the judgment and notes herein referred to; that plaintiff occupied the premises from September 4, 1906, to February 1, 1909, and that the reasonable value of the rental is not to exceed $15 per month, and plaintiff prays as in his original petition, and for a return of the balance of the notes not entering into the judgment, and, in the event said notes have been negotiated and cannot be returned, that he have judgment for the value

thereof, and also that he have judgment for the amount paid by him to the defendant on the contract, with interest, less the reasonable rental value of the premises, during the time plaintiff was in possession.

It will be noticed that all the facts alleged in this amendment were substantially set out in the original petition, though not as explicitly as herein found. In this amendment, however, the plaintiff asks for additional relief, for more relief than was prayed for in his original petition under the same facts. It cannot be said, therefore, that the plaintiff has injected into the case any fact that would raise a new issue, but has simply asked for additional relief upon the same facts referred to in his original petition.

1. PLEADINGS: amendment: discretion.

Section 3600 of the Code provides: "The court may, on motion of either party at any time, in furtherance of justice and on such terms as may be proper, permit such party to amend any pleading . . . by inserting other allegations material to the case, or, when the amendment does not change substantially the claim . . . by conforming the pleading . . . to the facts proved." A reference to this section will show that it does not limit the court, in allowing amendment, to any particular time in or stage of the case, and it will be further noted that the statute does not limit the court in allowing amendments to cases in which the "amendment does not change substantially the claim." This limitation applies to cases where the amendments are offered to conform the pleadings or proceedings to the facts proved, and this is where no opportunity is given the other party to meet the change in the pleading.

Amendments are frequently allowed, and the right has been frequently recognized by this court where there is a change in the claim as originally made. But where this is done, the court allows the change upon conditions, and gives to the other party always an opportunity to introduce further testimony to meet the change in the issues, the same as was done in

this case; the object and purpose of which is that the whole cause of action may be known and properly presented to the court. This is the spirit of our law in permitting amendments in furtherance of justice.

In this case, under the facts alleged in the original petition, supplemented by the amendment, the ultimate question for the court to determine is the rights of those parties under the contract originally entered into as they actually existed at the time of the commencement of the action, and this question ought to be settled and determined by the court in one suit, that further litigation between them be avoided.

In the case of *Zelenka v. Machinery Company*, 144 Iowa, 592, at the close of the testimony leave was asked and granted to amend the petition to conform the issues to the showing made. Defendant objected to the amendment as being filed out of time and presenting a claim which was a surprise to the defendant, and that to prepare a defense, time was required. Defendant also moved to strike out the evidence, to conform to which the amendment was offered and allowed. The motion to strike the evidence was denied, and the amendment allowed to stand. Error was assigned on the ruling of the court. Judge Weaver, speaking for this court said:

It has often been held to be the duty of courts to prevent, so far as possible, all undue and unnecessary litigation, and, when an action is once brought to trial, to see that its result is not delayed on grounds which are merely technical and do not conduce to the promotion of justice. With a view to that end our modern system of practice, especially as it prevails in this state, recognizes and upholds the right of amendment to petition or answer at almost any stage of the proceedings between the appearance of the parties to the action and the entry of final judgment therein, leaving to the court power to check any tendency toward abuse of this right by attaching such reasonable conditions to its exercise as shall seem proper under all the circumstances in the given case. Our statute expressly provides for the right of amendment. . . . Every litigant who enters upon a trial does so with

full knowledge of this statutory right, which his opponent may avail himself of if the record shall indicate proper ground for its exercise. . . . This is especially the case where the court, in order to avoid undue advantage to the party amending, gives the other party opportunity to produce additional evidence if the showing therefor appears reasonable.

The defendant relies on the case of *Building & Loan Ass'n v. Burgess*, 129 Iowa, 422. This was a case in which the defendant filed amendment to the answer setting up an estoppel. This amendment was not filed until two weeks after the case was submitted, and the plaintiff had no notice of the filing of the amendment until nearly a week thereafter, and no opportunity was given the plaintiff to introduce further testimony to meet this new and material defense. This court held that the amendment should have been stricken out, saying: ''Notwithstanding these general rules, we are constrained to hold that the amendment in this case should have been stricken.''

In this case the ruling of the court rested on the fact that the amendment tendered a new and material defense after the case was submitted; that the submission was not set aside, and no opportunity given the plaintiff to meet this new defense, and it was not tolerable, therefore, that it should be permitted to conform the pleadings to the proof, for the reason that the statute itself provides that any amendment to a pleading to conform the pleadings to the proof shall not change substantially the claim or defense.

The other cases relied upon by the defendant are clearly distinguishable from the case at bar.

To grant amendments is the rule; to refuse them, the exception. The allowance or refusal of amendments is a matter which is largely within the sound discretion of the trial court. The advisability of allowing it

2. SAME.       is a question of fact, which is to be determined by the trial court, and the determination will

not be reviewed by this court except in cases showing a gross abuse of its discretion. See 3 Cyc. 327, 328. But the presumption is always against such abuse. The discretion lodged in the court is a sound, legal discretion, to be exercised in the light of all the facts and circumstances of the particular case. See *Weis v. Morris,* 102 Iowa, 327; *Heusinkveld v. St. Paul F. & M. Ins. Co.,* 96 Iowa, 224; *Hayes v. Turner,* 23 Iowa, 214; *State v. Keokuk,* 18 Iowa, 388, and cases therein cited.

A careful examination of the record in this cause satisfies us that the court did not abuse its discretion in setting aside the submission, and in allowing the plaintiff to file an amendment to its petition, in view of the fact that leave was given each party to introduce further testimony before the final submission and disposition of the case. The action of the court is therefore *Affirmed.*