F. O. COTTONG, Appellant, v. C. H. ZYBELL, Appellee.

**PLEADING:** Amendments—Conforming Pleading to Proof—Uncontroverted Facts. It is error to refuse an amendment, though made at the close of all the evidence, which conformed the pleading to the uncontroverted facts.

*Appeal from Calhoun District Court.*—E. G. ALBERT, Judge.

MONDAY, MAY 14, 1917.

ACTION for boring and casing four wells resulted in a directed verdict for defendant and judgment thereon. The plaintiff appeals.—*Reversed.*

*Gray & Gray,* for appellant.

*Jacobs & McCaulley,* for appellee.

LADD, J.—The plaintiff's assignor, Jo-

PLEADING:
amendments:
conforming
pleading
to proof: un-
controverted
facts.

seph McGowan, bored and put casings in four wells for defendant, three in one farm and one in another, all during the year 1911. The petition is in four counts, each alleging that a well was put down at a time named, and the value of boring and also of digging, and that the sum of $75 was paid on the first well. The defendant answered by pleading a general denial, and that the employment alleged was "with the understanding and agreement that the said Joe McGowan would make him a well that would furnish him a good and sufficient amount of water for the use of said premises, and that, on the failure of said well thus made to furnish a good and sufficient supply of water for the use of said premises for the period of one year thereafter, that the said Joe McGowan would make no charge for the same and would make another well under the same terms and conditions, and continue until he had made a well on said premises which would afford a good and sufficient supply of water for use of said premises:" that, in pursuance of said agreement, the first well was put down, and proved a failure, whereupon the second well was put in, and proved a failure; and that plaintiff then undertook to put in the third well, which was at an inconvenient place, never tested as agreed, and was worthless; that the fourth well was put down in pursuance of an agreement that McGowan would make a well which would supply sufficient amount of water for the premises, to be finished in coarse gravel, and the water supply should continue one year; that, notwithstanding this, the well was finished in clay, and did not furnish sufficient supply of water. In an amendment to the answer, defendant pleaded that a custom prevailed in and about Lake City that wells put down should be such as alleged to have been agreed upon by the parties, and if not, no charge was made, but another well put down instead. The

evidence disclosed without conflict that defendant requested McGowan to put down the wells, and that, prior thereto, McGowan had stated the price at which he would bore the hole and the price of the casings to be inserted. The evidence was in conflict as to whether McGowan merely guaranteed water or that he would get water, as testified to by him, or guaranteed a sufficient amount of water for use on the farm one year, as testified to by defendant; and whether the other two wells on the same farm were put down in pursuance of the guaranty, as pleaded by defendant, or on the mere undertaking to get water, as claimed by plaintiff. The evidence tended to show that all the wells were worthless. At the close of the evidence, defendant moved that the jury be directed to return a verdict for defendant, for that recovery was sought on a *quantum meruit*, whereas the uncontradicted evidence disclosed that the wells were made on an express contract, and therefore there was a variance between the pleadings and proof. Thereupon, plaintiff tendered an amendment to each count of the petition, alleging a request of defendant to dig the well and a promise to pay the prices charged. Defendant then filed a motion to strike said amendment, on the ground that it changed the issues, and was tendered after three days of trial, and when a motion to direct verdict was pending. A continuance was asked in event of an adverse ruling on the motion. The motion to strike was sustained. Thereupon plaintiff moved that the submission be set aside, to permit the introduction of evidence of the reasonable value of the wells. The motion to direct was sustained, and a verdict for defendant returned and judgment entered thereon, conceding, without deciding, that there was a variance between the allegation that a reasonable price was to be paid plaintiff's assignor, contained in the petition, and the proof that the parties had agreed upon a specified price per foot for boring and casing, the amendment alleging that such ·agree-

ment could not have misled or prejudiced defendant. The plaintiff testified thereto without objection, and the defendant also had so testified. The prices for work done, then, were not in dispute, and all that the amendment purported to do was to allege that prices were agreed upon as testified. Under the amendment, the price to be paid was not in issue, and it is not perceived how the delay in tendering such amendment could have wrought to defendant's disadvantage. The point was not raised prior to interposing the motion for a directed verdict, and thereupon, the amendment was tendered promptly. We discover no reason for striking it. It related to uncontroverted facts. It was in the interest of justice. The motion to strike it should have been overruled, and the cause, which involved other issues, should have been submitted to the jury. As contended, the allowance of amendments to pleadings is largely a matter of discretion. But when such discretion is abused, it is well settled that this court will intervene, and we do not hesitate so to do, where, as here, the change wrought thereby is merely the pleading of established and uncontroverted facts, proven by one party without objection, and in accordance with the testimony of the other. Had the motion to strike the amendment been overruled, the evidence was such as to carry the cause to the jury. It follows that the court erred in sustaining the motion to strike, and also in directing the jury to return a verdict for defendant.—*Reversed.*

GAYNOR, C. J., EVANS and SALINGER, JJ., concur.