Mary A. Finch, Appellant, v. Augusta Gates, Appellee.

No. 40068.

March 18, 1930.

Rehearing Denied September 22, 1930.

*Nichol & Nichol,* for appellant.

*C. H. Pasley,* for appellee.

Stevens, J.—I. The contract involved in this case, in addition to the usual provisions of contracts to sell and convey real estate as to consideration, title, performance, etc., contains the following:

"The north part of the house on said Lot 2 sets over on

Lot 1 in Block 7, Original Town of Ames, Iowa, about 6 inches, and second party is to remove the part that sets over on Lot 1.''

The date fixed for the consummation of the contract was April 1st, but requirements of appellee as to the title delayed performance, and final tender of abstract and deed was not made until July 11th. In the meantime, and on July  2d, appellee served upon appellant a written notice of rescission. Shortly prior to March 24th, appellee proceeded to remove the portion of the house that extended to the north over and onto the adjoining lot. Because of a desire to remodel and convert the dwelling into an apartment house, which intention was disclosed to appellant when the contract was entered into, substantially 11 feet was removed from the north side of the building, exclusive of the porch. While in the act of doing so, appellee was served with a notice in writing in behalf of Mrs. Nina Steel, a sister of appellant's, who claimed to have a lien on the property, for the expense of supporting and caring for her aged father. Upon receipt of the aforesaid notice, which was in the form of a letter from Mrs. Steel's attorney, appellee immediately left the premises, and did nothing more, either to remodel or repair the house, which was occupied by a tenant.

All of the issues tendered by the parties, except the one presently to be considered, were determined by the court in appellant's favor. In view, therefore, of the conclusion reached, we need discuss only the one issue.

It appeared from the evidence introduced upon the trial that there was a porch 6 feet in width on the north side of the house, and that, including the porch, the house was situated 9 feet and 6 inches on the adjoining lot, instead of 6 inches, as stated in the contract. This fact was not known to appellee at the time the porch and a portion of the house were removed. The exact distance was ascertained on the opening day of the trial of this case in the district court. The court held that, because of the wide discrepancy thus shown as to the distance the house was located on the adjoining lot, appellant was not entitled to the relief prayed. Appellee testified that, in view of this discrepancy, it would be necessary to wreck the building completely, and erect a new one, in order to carry out her purpose to transfer the building into apartments. Appellee's prayer

for rescission and cancellation was denied, upon the ground that she had not placed appellant *in statu quo*.

It seems to us that the ruling of the court on each of the above matters was correct. Appellee could not have rescission without placing appellant *in statu quo*. Appellant testified that she understood and believed that the house extended over onto the adjoining lot but six inches. The rules, both of law and equity, applicable and controlling at this point have been too often stated by this and other courts to require discussion. Specific performance of a contract to sell real estate is not an absolute right, and ordinarily is to be granted or denied by the court in the exercise of a sound judicial discretion. *Kurtz v. Gramenz*, 198 Iowa 222; *Cohen Bros. I. & M. Co. v. Shackelford Brick Co.*, 197 Iowa 674; *Carter v. Schrader*, 187 Iowa 1245; *Mitchell v. Mutch*, 180 Iowa 1281; *Eller v. Newell*, 159 Iowa 711.

Manifestly, appellant was not entitled to recover the full purchase price of the property. The discrepancy between the distance the building was supposed to have extended over onto the adjoining lot and the distance it actually extended thereon was too great to have been within the contemplation of either of the parties at the time the contract was signed. This interfered with the use appellee desired to make of the building, and made necessary the removal of a considerable part of the building. The court did not, in such circumstances, abuse its discretion by denying recovery for the full purchase price. If appellant was not entitled to this relief, the court could not, under the issues, do anything but dismiss the petition. Extended discussion of the evidence is unnecessary. The court, however, desiring to give the parties an opportunity to settle the controversy, inserted a provision in the decree that, if appellee was willing to do so, and would accept a conveyance of the property, subject to a proper abatement from the purchase price, within ten days, the cause would be continued for the purpose of taking testimony to show the amount to be allowed. No election appears to have been made of this tender in the decree.

II. The original notice of rescission served by appellee upon appellant on July 2d made no reference to the disparity between the provision of the contract and the actual location of the house, nor is this matter referred to in the original answer

of appellee; but it is set up as a defense in the amendment thereto, filed January 11th, which was the first day of the trial.

It is contended by appellant that this defense was waived by appellee. The notice of rescission contained a clause which, in general terms, stated that, in addition to the specific reasons given, there were other and distinct reasons why  the contract should be rescinded, and that she did not intend to waive the same because they were not recited in detail. In addition to the foregoing, it appears that the amendment to the answer was filed on the day appellee first learned the fact as to the true location of the house. The motion by appellant to strike the answer appears not to have been ruled upon by the court. It was, however, impliedly overruled. The amendment, although setting up a new ground of defense, was timely. *Exchange State Bank v. Buckley,* 198 Iowa 437; *Roberdee v. Bierkamp,* 160 Iowa 687.

As stated, many other questions are discussed by counsel, but they were either decided by the court in favor of appellant or have no material bearing on the case. The judgment is affirmed.—*Affirmed.*

MORLING, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.