EDWARD PANSEGRAU, appellant, v. DALTON COLLINS et ux.,
appellees.

No. 48853.

(Reported in 75 N.W.2d 249)

MARCH 6, 1956.

Fairall & Kilbride, of Marshalltown, for appellant.

Haupert & Robertson, of Marshalltown, for appellees.

SMITH, J.—Plaintiff and defendants were neighbor farmers living about a mile apart. On December 22, 1952, plaintiff by request undertook to help defendants fix their television antenna. He was not hired.—"It was just a neighborly change of work." He says "the day was misting and a little wet. Not so much snow but * * * it was wet. There was not much ice on the building * * * as it was more on the ground."

The exact fact details are probably not too important. The antenna was atop the main part of the house. There was a back porch with eaves about eight feet above the ground. The porch was practically flat. The ladder, when plaintiff arrived that morning, rested upon somewhat sloping ground and against the porch. To reach the antenna one had to cross the kitchen slope and step up on the main part of the house.

The Sunday before defendant Dalton Collins' brother-in-law had looped a rope around the chimney on the main roof, both ends coming down over the porch roof. There is factual disagreement as to whether they reached to the ground.

Plaintiff testifies he noticed the ladder was standing against the porch when he arrived, "* * * setting on the ground, there was a little ice and snow and * * * sloping a little * * * where the ladder was standing. There were no holes or knobs of any kind for the foot of the ladder to stand in." He did not object to the way it was set.

Collins held the ladder when plaintiff first went up. Plaintiff reached the antenna, attempted the repair and returned to the ground, defendant holding the ladder for his descent. The television failing to work plaintiff again went up, defendant again holding the ladder. Defendant went up to the porch and plaintiff handed him the antenna.

Another neighbor, Donald Stackhouse, arrived at that time.

He testified Collins was on the porch roof. Plaintiff, "straddling the house roof" lowered the antenna to defendant. Stackhouse went up the ladder and took it from defendant, and then held the ladder while defendant descended. These two then were examining the antenna.

Both men say they next discovered plaintiff sitting on the ladder which was moving. Stackhouse thinks plaintiff's feet were not over three and one-half feet from the ground when the ladder left the roof. Plaintiff had not called for help until the ladder started to slide. He thinks he "got to the ladder about the time Mr. Collins reached the ground."

There is no issue on appeal involving plaintiff's very serious injuries; nor does the appeal concern any of the few conflicts in testimony. The jury brought in a verdict for defendants and plaintiff appeals from the resulting judgment. His complaint on appeal relates mostly to things that occurred after the evidence was in and both parties had rested.

I. Plaintiff first argues an assigned error based on the trial court's refusal to allow an amendment to the petition "to make it conform to the proof." The original petition, filed July 10, 1954, eighteen months after the accident, was amended December 2, 1954, four days before trial commenced.

As thus amended the original petition remained as "Division I" and Division II was added which alleged that "defendants were not in the exercise of due care in the use and management of said ladder and other instrumentalities which were under their exclusive control as plaintiff descended from said roof * * *. Plaintiff states that he relies on the doctrine of res ipsa loquitur."

The trial commenced December 6 and continued until sometime in the afternoon of December 7, when both parties rested and the jury was excused until December 8. The next morning plaintiff filed his amendment "to conform to proof." It added to the former specification an allegation that defendants were negligent in placing the ladder "in such a manner that the legs * * * rested on frozen, icy ground which footing was insecure and dangerous and which * * * defendants as ordinarily careful and prudent persons * * * knew or should have known * * * would likely result in injury * * *."

The trial court in disallowing it held it tendered a new claim, viz., "that there was negligence in setting said ladder on the ice", and added: "That hasn't been tried, and it would require reopening the case and require evidence, and I don't know what pleadings might be filed against it * * *."

Plaintiff, at this point, argues first that our rule 88, R. C. P. "provides a method for amending a pleading to conform to the proof", citing Terpstra v. Schinkel, 235 Iowa 547, 17 N.W.2d 106; Nelsen Auto Sales v. Turner, 241 Iowa 927, 44 N.W.2d 36; Elson v. Nickles, 240 Iowa 292, 36 N.W.2d 343; and Webber v. E. K. Larimer Hdwe. Co., 234 Iowa 1381, 15 N.W.2d 286.

There can be no controversy over this initial proposition. Nor can there be doubt of the soundness of defendants' counter-proposition that the exercise of the power is within the *sound* discretion of the trial court, nor of the eight decisions cited in its support, most of which were handed down before the Rules of Procedure were dreamed of. The difficulty, when there *is* difficulty in such cases, is to determine if the court has *abused* its discretion.

We find no such abuse here. It is argued the "discretion in permitting an amendment during trial" is "broad." That too must be granted. But by the same token it may be said the discretion in *denying* amendment is also broad. And its exercise in either direction is to be condemned only if the discretion is abused.

The trial court viewed the offered amendment as offering a new specification of negligence. Plaintiff says this "is clearly in error." It is true the amendment to petition filed a few days before the trial vaguely charges "defendants were not in the exercise of due care in the use and management of the said ladder and· other instrumentalities which were under their exclusive control as plaintiff descended from said roof" and adds in the same paragraph: "Plaintiff states that he relies on the doctrine of res ipsa loquitur to establish the negligence of defendants."

But that allegation went out with a ruling which struck the issue of res ipsa. Plaintiff also argues the tendered specification was in fact inherent in the trial and was sufficiently pleaded except there was no allegation as to *who* set the ladder.

**636**

If that was the purpose of the amendment its exclusion was certainly without prejudice.

We think the proposed amendment was, as the trial court viewed it, an attempt to plead a new specification of negligence, and that there is only to consider whether the ruling constituted an abuse of discretion. As said in Lawyer v. Stansell, 217 Iowa 111, 117, 250 N.W. 887, 889: "No good reason is shown why this new issue should not have been tendered at an earlier date. The right to amend is never absolute."

The accident had happened practically two years before the ruling. The action had been pending five months and the petition once amended a few days before trial began, the case had been fully tried and the jury temporarily excused overnight preparatory to argument and final submission. There was no abuse of discretion. See Holbert v. Keller, 161 Iowa 723, 734, 142 N.W. 962; Robinson v. Home Fire & Marine Ins. Co., 244 Iowa 1084, 1090, 59 N.W.2d 776. We are unable to find that the court abused its discretion by the ruling.

II. Plaintiff argues the court erred in ruling on his motion for new trial by violation of rule 118, R. C. P., which provides: "A motion, or other matter involving separate grounds or parts, shall be disposed of by separate ruling on each and not sustained generally." The trial court here overruled the motion "in every particular."

Defendants argue the rule "is directed to the *sustaining* of motions generally without separate rulings. No reference is made in said rule to the overruling * * * as in the instant case." (Emphasis supplied.)

It is sufficient here to say we see no prejudice to plaintiff. There was nothing to prevent him from selecting the ground or grounds he desires to argue. All were overruled. It would not have assisted him to have had each overruled separately.

III. Plaintiff also invokes rule 244(b), R. C. P., to permit a review of certain matters urged in the motion for new trial not objected to at the time they occurred and not shown in the record—specifically certain claimed misconduct of defendants' counsel in examining members of the jury panel on voir dire and in final argument to the jury. He says: "Of course the

above does not appear in the record, but the lower court heard it and it was within the discretion of the lower court to take judicial notice of the happenings before him and to set the verdict aside and grant a new trial on this ground alone and he should have done so in the interest of justice in this case."

We find in rule 244(b) no authority for this novel theory. The errors urged related to alleged questions and arguments as to whether it was "right" for one neighbor to sue another under the circumstances and the unfairness of doing so "without having offered the defendant an opportunity to make settlement."

Rule 244(b) is a subparagraph of the rule specifying grounds for new trial, and (b) specifies: "Misconduct of the jury or prevailing party." We find in it no language which in any way changes the methods by which errors are shown of record and made available for review. The trial court will not ordinarily be reviewed on error when no objection has been urged on the trial. If there was error it should have been called to the court's attention and opportunity given for prompt correction. The party who deems himself aggrieved may not ordinarily await the decision of the jury before urging his objection.

█ Plaintiff also complains of a change of an instruction at the last moment which took him by surprise. There is no record of such a change and no such objection was urged until the motion for new trial was filed ten days after the verdict was rendered. We cannot consider it now. The record shows no objection to instructions.

An examination of the entire record convinces us there is no reversible error shown and that the decision must be affirmed. So ordered.—Affirmed.

All JUSTICES concur.