**James E. TRASK and Doden Trucking Company, Inc., Appellees,**

**v.**

**Glen GIBBS, and Glen Edward Gibbs, Administrator of the estate of Rosemary A. Gibbs, deceased, Appellants.**

**No. 54960.**

Supreme Court of Iowa.

Sept. 19, 1972.

**566**

Reynolds, Kenline, Roedell, Breitbach & McCarthy, Dubuque, for appellants.

Levinson, Bryant & Enabnit, Mason City, and Fuerste & Carew, Dubuque, for appellees.

MOORE, Chief Justice.

This appeal grows out of a collision of motor vehicles which occurred on December 20, 1967 at the intersection of U. S. Highway 20 with John F. Kennedy Road at the westerly edge of the city of Dubuque. Involved in the collision were a semi-trailer truck owned by plaintiff Doden Trucking Company, Inc., (hereinafter Doden) driven by plaintiff James E. Trask, and a Chevrolet stationwagon owned by Glen and Rosemary Gibbs, and driven by the latter. Rosemary A. Gibbs was killed instantly in the accident. Plaintiff Trask sustained serious personal injuries. Both vehicles were damaged extensively.

Doden and Trask filed separate actions asking judgment for property damage by Doden and for personal injury by Trask, both actions having been instituted against Glen Gibbs as owner of the Chevrolet stationwagon. Subsequently, administration was taken out in the estate of Rosemary A. Gibbs. Gibbs, in his personal capacity and as administrator of his wife's estate, answered in the separate actions instituted by Trask and Doden, and counterclaimed in each instance against plaintiffs for damages because of the death of Rosemary Gibbs and for property damage to the Chevrolet stationwagon. The cases were consolidated for trial and the jury returned a verdict in favor of Trask for $37,000. A verdict was also returned in favor of Doden for $6156.

Prior to the accident, Trask (driving the Doden truck) was proceeding westerly on Highway 20, and the Gibbs automobile was proceeding in a southerly direction on John F. Kennedy Road as it approaches the intersection with the U. S. highway. The collision occurred in the intersection. The point of impact was established by one witness as being two and one-half feet south of the north line of the traveled portion of Highway 20, and by a second witness as being eight feet south of the north line of the traveled portion of the highway.

At the close of the evidence, and after all parties had rested, defendants requested the court's permission to amend their counterclaims in both actions to assert an additional ground of negligence, to-wit, "in failing to sound a horn or other warning device in violation of section 321.432 of the 1966 Code of Iowa." They further requested permission to amend their answers alleging contributory negligence on the part of plaintiff Trask on the same additional ground. They represented to the court the requests for permission to file the amendments were to conform the pleadings to the proof. The requests for permission to amend both the answers and the counterclaims were overruled.

Defendants assign three errors upon which they rely for reversal:

(1) The court erred in overruling defendants' motion to amend their pleadings to conform to the proof by alleging plaintiff's failure to sound his horn as a ground of negligence and contributory negligence.

(2) The court erred in failing to properly instruct the jury on the combined duty to stop and to yield at a stop sign (under section 321.321, Code, 1966); further asserting that in its instructions the court improperly separated such duties.

(3) The court erred in failing to instruct the jury the driver of a vehicle having the right of way at a through intersection must nevertheless exercise ordinary care for the safety of other drivers using said intersection.

The intersection accident giving rise to this litigation occurred December 20, 1967. The accident investigator, highway patrolman Lyle Peters, arrived at the scene a few minutes after the collision. He was well acquainted with defendant Glen Gibbs, a town marshal. Fred Hermsen, Gibbs' neighbor, came upon the accident immediately thereafter. The two Gibbs girls, occupants of the Chevrolet stationwagon, survived and were at all times available to defendants for investigation of accident facts.

On March 12, 1969 plaintiff, James E. Trask, filed his petition claiming personal injury damages. He alleged ultimate facts and four specifications of negligence. Later defendants filed their amended and substituted answer and counterclaim. Their allegations by way of affirmative defense and counterclaim included three specifications of negligence charged against Trask. They alleged he was negligent in failing to have his vehicle under control, he failed to keep a proper lookout and drove at an excessive rate of speed under the circumstances.

On June 19, 1969 plaintiff, Doden Trucking Company, Inc., filed its petition for property damages. It too alleged ultimate facts and the same four specifications of negligence. Defendants' answer and counterclaim included the three same specifications of negligence against Doden's driver, Trask.

Defendants took the deposition of Trask and also submitted many interrogatories to which written answers were filed by Trask.

The record does not include the slightest indication defendants sought before the close of the evidence to claim Trask was negligent for failure to sound a horn.

Trial commenced August 17, 1970. The jury returned its verdict August 21, 1970.

Plaintiffs during trial made no inquiry of any witness either on direct or cross-examination as to whether Trask had sounded a horn. Only one of plaintiffs' witnesses, David W. Lock, was asked on cross-examination if he had heard "any signal sound" from the truck. He answered in the negative. He had witnessed the accident and immediately before the above question and answer testified on cross-examination, "To the best of my knowledge, at the point where the individual pulled onto the highway and the driver of the vehicle, the truck, would have had no chance to brake."

Jane Gibbs, age 13, a passenger in the stationwagon, as defendants' witness, testified on direct, "I don't remember my mother proceeding up to Highway 20. I don't remember seeing any stop signs before she approached Highway 20. * * * I don't remember seeing a truck. I do not remember hearing an impact. I don't remember anything about the impact or the collision." She was then asked, "Jane, did you at the time of the impact or right before impact ever hear the sound of a horn?" She answered, "No."

Julie Gibbs, age 14, also a passenger in the stationwagon, testified, "I didn't see a truck. All I remember is that she stopped for that, and I don't remember—I mean like what happened. I don't remember whether the car was moving or stopped when something happened." She further testified she did not hear anything like a truck horn.

The only reference to no truck horn sound is that set out above. It was all by defendants' counsel. Plaintiff offered no evidence regarding a truck horn.

I. The trial court has broad discretion in permitting or denying amendments to conform to the proof at the close of all evidence and unless this discretion is abused we will not interfere. Plummer v. Loonan, Iowa, 189 N.W.2d 617, 618; W. & W. Livestock Enterprises, Inc. v. Dennler, Iowa, 179 N.W.2d 484, 488, and citations.

In Brown v. Guiter, 256 Iowa 671, 675, 128 N.W.2d 896, 899, an intersection case, where we approve the trial court's refusal to permit defendant to amend his pleading on the first trial day, we say:

"Liberality in permitting amendments is the general rule, however, this liberality has limits. Determination of such limits is vested in the sound judicial discretion of trial courts. We do not interfere unless an abuse of discretion appears. In considering this question we take into consideration that trial courts are charged with the duty of conducting orderly and expeditious jury trials. Under the record made here we cannot hold the denial of this amendment was an abuse of discretion. (Citations)."

In Pansegrau v. Collins, 247 Iowa 632, 75 N.W.2d 249, where plaintiff after the close of evidence attempted to amend by adding another specification of negligence, we affirm the trial court's refusal to allow the amendment to conform to the proof. At page 636, 247 Iowa, page 252, 75 N.W. 2d, we say:

"We think the proposed amendment was, as the trial court viewed it, an attempt to plead a new specification of negligence, and that there is only to consider whether the ruling constituted an abuse of discretion. As said in Lawyer v. Stansell, 217 Iowa 111 [117] 250 N. W. 887, 889: 'No good reason is shown why this new issue should not have been tendered at an earlier date. The right to amend is never absolute.'"

"The accident had happened practically two years before the ruling. The action had been pending five months and the petition once amended a few days before trial began, the case had been fully tried and the jury temporarily excused over night preparatory to argument and final submission. There was no abuse of discretion. See Holbert v. Keller, 161 Iowa 723, 734, 142 N.W. 962; Robinson v. Home Fire & Marine Ins. Co., 244 Iowa 1084, 1090, 59 N.W.2d 776. We are unable to find that the court abused its discretion by the ruling."

In Lawyer v. Stansell, 217 Iowa 111, 117, 250 N.W. 887, 889, after citing Roberdee v. Bierkamp, 160 Iowa 687, 142 N.W. 217, we say:

" * * * No good reason is shown why this new issue should not have been tendered at an earlier date. The right to amend is never absolute. Coming as this amendment did, after the close of the testimony and after the motion to direct a verdict, there was no error or abuse of discretion in not permitting it to be filed. In the Roberdee Case, supra, we said:

" 'The allowance or refusal of amendments is a matter which is largely within the sound discretion of the trial court. The advisability of allowing it is a question of fact, which is to be determined by the trial court, and the determination will not be reviewed by this court except in cases showing a gross abuse of its discretion. * * *. But the presumption is always against such abuse. The discretion lodged in the court is a sound, legal discretion, to be exercised in the light of all the facts and circumstances of the particular case.'"

For like statements see Briney v. Tri-State Mutual Etc. Ins. Co., 254 Iowa 673, 679, 680, 117 N.W.2d 889, 892, 893.

In the case at bar defendants from the day of the accident knew the facts and circumstances of the accident on December 20, 1967. They first attempted to assert the no horn specification of negligence on August 20 or 21, 1970 after all the evidence at trial was closed. They had taken the deposition of Trask and his answers to

the interrogatories. Nothing new to them regarding no horn was developed during trial. They offered no reason why this new issue was not tendered at an earlier date. The trial court was faced with the duty to conduct an orderly and expeditious jury trial. To have allowed the amendment would have required further pleadings by plaintiffs. Certainly the record would be reopened to take at least the testimony of Trask on this new issue. His testimony either on direct or cross-examination did not refer to this issue.

We do not find the trial court abused its discretion in not allowing the amendment. Defendants' first assigned error is untenable.

■ II. Defendants' second assigned error is the trial court erred in failing to properly instruct the jury on the combined duty to stop and to yield at a stop sign under section 321.321, Code, 1966. Defendants assert the court, in its instructions, improperly separated such duties.

This assignment is directed specifically at instruction number 12, in which the court instructed the jury that plaintiffs allege Rosemary Gibbs was negligent in:

(1) failing to have her vehicle under control,

(2) in failing to keep a proper lookout,

(3) in failing to stop in obedience to stop sign at an intersection with a through highway, and

(4) in failing to yield the right of way to a vehicle not obliged to stop which was within the intersection or approaching so closely as to constitute a hazard.

The instructions must of course be read together. In instruction 19 the court advised the jury as to the provisions of section 321.321 precisely in the words of the statute. A reading of the two instructions together leads us to the conclusion defendants' second assignment of error is without merit.

■ III. Defendants next assert the trial court erred in failing to instruct the jury the driver of a vehicle having the right of way at a through intersection must nevertheless exercise ordinary care for the safety of other drivers using said intersection.

We have no quarrel with defendants' assertion as an abstract principle. We cannot agree, however, that trial court erred in its refusal or failure to instruct as defendants insist it should have, as we find no pleading or evidence in the record which would justify the giving of such an instruction.

We conclude, therefore, there is no merit in defendants' contention in this regard.

We find no reversible error. The judgment is

Affirmed.

MASON, UHLENHOPP, REYNOLDSON and HARRIS, JJ., concur.

REES, J., dissents, and LeGRAND and RAWLINGS, JJ., concur specially.

McCORMICK, J., takes no part.

REES, Justice (dissenting from Division I and result).

I am unable to agree with Division I of the majority opinion and the result reached, and respectfully dissent.

I. Section 321.432, Code, 1966, provides:

"Horns and warning devices. Every motor vehicle when operated upon a highway shall be equipped with a horn in good working order and capable of emitting sound audible under normal conditions from a distance of not less than two hundred feet, but no horn or other warning device shall emit an unreasonably loud or harsh sound or a whistle. The driver of a motor vehicle shall when

reasonably necessary to insure safe operation give audible warning with his horn but shall not otherwise use such horn when upon a highway."

While Trask's failure to sound his horn was not pleaded as an element of contributory negligence in the answers filed by Gibbs, nor was the failure to sound a horn specified by Gibbs in the counterclaim as one of the specifications of negligence, witnesses were permitted to testify without objection that no horn signal was given by Trask prior to the collision.

I find myself in agreement with defendants' position that the court erred in overruling their motion made at the close of the evidence for permission to amend their pleadings to conform to the proof by alleging Trask's failure to sound his horn as a ground of negligence and as a ground of contributory negligence because a fact issue was created in the evidence. Rule 88, Rules of Civil Procedure, provides:

"* * * The court, in furtherance of justice, may allow later amendments, *including those to conform to the proof* and which do not substantially change the claim or defense. * * *" (Emphasis supplied.)

The trial court has broad discretion to permit or deny amendments to conform to the proof at the close of all evidence and, unless this discretion is abused, we will not interfere. To allow such amendments is the rule, not the exception. W. & W. Livestock Enterprises, Inc. v. Dennler (Iowa 1970), 179 N.W.2d 484 and citations.

I do not believe the amendment sought by defendants was an issue-changing amendment. See Brown v. Guiter, 256 Iowa 671, 675–676, 128 N.W.2d 896, 899.

In Mooney v. Nagel, 251 Iowa 1052, 103 N.W.2d 76, this court said:

"We are not unmindful of the discretion necessarily lodged in the trial court, but where the parties have voluntarily offered evidence on an issue the denial of an amendment to conform to such proof appears to be beyond fair discretion. The allowance of an amendment is the general rule and to deny it is the exception. Rule 88, Rules of Civil Procedure, contemplates a reasonable allowance of amendments where, as here, the claim is not substantially changed." (251 Iowa at 1059, 103 N.W.2d at 80.)

And see Laverty v. Hawkeye Security Insurance Co., 258 Iowa 717, 725, 140 N.W. 2d 83, 88.

The statute requiring the driver of a motor vehicle to give an audible warning with his horn when reasonably necessary to insure safe operation was commented upon in Lawson v. Fordyce, 234 Iowa 632, 12 N.W.2d 301, where the court said:

"What does the phrase 'to insure safe operation' mean? It must mean operation of a motor vehicle in such manner as, in all reasonable probability, it will not injure the motorist and those riding with him, or any other persons or property rightfully on and using the highway. What do the words 'reasonably necessary' as used in the section mean? Do they not mean and call for the same conduct as the standard, reasonably prudent person would use under the same circumstances? If such a person would sound a horn, to not do so would ordinarily be negligence."

(234 Iowa at 637, 12 N.W.2d at 304.)

See also Christensen v. Kelley, 257 Iowa 1320, 1324–1325, 135 N.W.2d 510, 516; Paulsen v. Haker, 250 Iowa 532, 537, 95 N.W.2d 47, 52.

And in Nichols v. Snyder, 247 Iowa 1302, 78 N.W.2d 836, this court said:

"If the circumstances disclosed may be found to require that a warning be given as 'reasonably necessary' to insure the safe operation of the vehicle, then the duty to do so cannot be avoided by the operator's denial of knowledge of the obvious actual situation. The duty is not solely dependent upon the driver's knowledge of existing danger, but is also

based upon the knowledge and observation he should have had as a reasonably prudent individual under the existing circumstances. The warning statutes mean nothing less. *Thus if the statute may require a warning, such a determination is for the jury under proper instructions.*"

(Emphasis supplied.)

(247 Iowa at 1310, 78 N.W.2d at 841.)

I incline to the view expressed in Cottong v. Zybell, 179 Iowa 1184, 1187, 162 N.W. 767, 768, where this court said:

"As contended, the allowance of amendments to pleadings is largely a matter of discretion. But, when such discretion is abused, it is well settled that this court will intervene, and we do not hesitate so to do where, as here, the change wrought thereby is merely the pleading of established and uncontroverted facts, proven by one party without objection and in accordance with testimony of the other."

Trial court, in my judgment, erred in overruling defendants' motion at the close of the evidence for permission to amend their pleadings to conform to the proof. I would reverse.

LeGRAND, Justice (concurring specially).

I concur in the result reached by the majority, but I do not believe the case should turn on the trial court's discretion in the allowance of amendments to conform to the proof under rule 88, Rules of Civil Procedure.

I believe the trial court was right because the proposed amendment did *not* conform to the proof. It is apparent to me this was the ground upon which the trial court denied the motion. I will not repeat the matters already set out in the majority opinion showing the circumstances under which the motion was made. I simply add that plaintiffs objected to the amendment on the ground "there is absolutely no evidence to support such an allegation of negligence [failure to sound a horn]."

Thereafter the trial court denied the right to amend without stating its reason. I conclude it was because there was no proof with which the amendment *could* conform; and I agree.

The only mention of failure to sound a horn came from Jane Gibbs, Julie Gibbs, and David W. Lock. Jane Gibbs remembered nothing of the events prior to the accident; Julie recalled very little more. Their total testimony has no probative value for any purpose, certainly not on this issue.

David W. Lock was driving home from work and saw the events leading up to this accident from 150 to 200 yards away. In response to a question on cross-examination, he said he did not hear a horn. The matter was not pursued.

The evidence shows this happened on a stormy night, that the street is heavily traveled, and that Lock was a considerable distance from the vehicles involved. There is no showing whether his windows were up or down or if his hearing is normal.

Defendants seek to submit this question to the jury on the evidence of two witnesses who have no recollection of what happened and one who was not shown by this record to know if a horn had been sounded.

An issue should not be submitted to the jury unless supported by substantial evidence; a scintilla is not enough. There is no substantial evidence here. The trial court was right because this specification of negligence, even if the amendment had been allowed, could not have been given to the jury.

As this is the same result the majority reaches by another route, I can and do concur in the result.

RAWLINGS, J., joins in this special concurrence.