HERMAN LANGHAM, Appellee, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

**RAILROADS:** Accidents at Crossings—Disregard of Safety Gong. An
1  attempt by a traveler to pass over a railway crossing while an automatic crossing device is ringing, does not necessarily constitute negligence *per se*.

**EVIDENCE:** Demonstrative Evidence—Dissimilarity of Conditions.
2  The rejection of demonstrative and experimental evidence to prove the distance that a train could be seen from different points by one approaching a crossing, is amply justified when it appears that a substantial dissimilarity existed under the conditions of the offered testimony and the conditions immediately prior to the accident in question.

**RAILROADS:** Accidents at Crossings—Duty to Sound Whistle. An
3  ordinance prohibiting the blowing, within a city, of a railway whistle unless ''absolutely necessary to prevent injury to a person,'' does not authorize an instruction to the effect that the ordinance *imposes a duty* upon the railway company to blow the whistle when absolutely necessary to prevent injury to the property of another person.

**TRIAL:** Instructions—Submission of Established Fact. Instructions
4  which permit the jury to find absolutely contrary to an established

and undisputed material fact constitute reversible error.  So held where the question was submitted whether a defendant had installed a dependable signal device at a crossing, when the evidence established without dispute that the defendant had installed such a device.

*Appeal from Benton District Court.*—JAMES W. WILLETT, Judge.

MAY 6, 1924.

ACTION to recover damages in the sum of $1,000, alleged to have resulted from a collision between an automobile owned and driven by plaintiff and a passenger train of defendant's at a public crossing in the city of Vinton, Iowa.  Trial to a jury, with verdict in favor of plaintiff for $750.  From the judgment entered thereon, defendant appeals.—*Reversed.*

*J. G. Gamble, A. B. Howland,* and *G. W. Burnham,* for appellant.

*Tobin, Tobin & Tobin,* for appellee.

DE GRAFF, J.—Plaintiff seeks to recover property damage resulting from a collision of his automobile with defendant's passenger train.  The accident occurred January 19, 1921, at a public crossing in Vinton, Iowa.  Plaintiff was proceeding south across the tracks with his car.  The train was east bound.  There are six sets of railway tracks at this particular crossing, of which three are to the north and three to the south of a space occupied by buildings belonging to the defendant company.  Plaintiff was struck by a train on the first track immediately to the south of these buildings.

It was about dusk, and the lights were burning on plaintiff's car.  When he approached the tracks, he slowed down, and shifted to low gear.  He stopped his car before driving onto the first track, and opened the curtained door of the car, in order to have a greater opportunity to hear and see.  He looked in both directions, and listened for whistle and engine bell.  He heard neither.  He then proceeded, and stopped again, about fifty feet

from the track on which the collision happened, and did so for the purpose of determining whether a train was approaching. To his west the buildings and railway cars then on the track interfered with his vision. With his side door still open he started forward slowly, and proceeded to the next track, still looking to the east and west for trains. When about twenty feet from the third track, he looked west, and at that time could see up the track west from the crossing four or five feet beyond the corner of the building, which was 56 feet west of the crossing. He was driving about 8 or 10 miles an hour. When from 3 to 5 feet from the fourth track, and when about to cross, he again looked west, and saw the moving train coming from the west, about 20 feet away. He jumped through the open left door of his car, and almost immediately the train hit the car, throwing it about 25 feet from the point of contact. There is no question that the car was badly damaged.

The jury could find from the evidence that the train was traveling in excess of the ordinance speed of 6 miles per hour. The testimony of the witnesses varies from 15 to 30 miles per hour. No engine bell was ringing, and the train was making no noise. It is admitted that no whistle was blown. The specifications of negligence on the part of the defendant submitted to the jury include: (1) The operation of the train at an excessive and unlawful rate of speed at a crossing where the view of the approach to the crossing was obstructed by buildings, sheds, and freight cars; (2) the failure to have some proper and dependable signal or device to warn and protect the traveling public; (3) the failure to give warning by engine bell, as required by law, of the approach of the train; (4) the operation of the train at a public crossing at a rate of speed in violation of a city ordinance.

Defendant's answer put in issue these allegations of negligence, alleged that the accident was proximately caused or contributed to by plaintiff's negligence, and admitted that no

1. RAILROADS: accidents at crossings: disregard of safety gong.

whistle was sounded by the train, by reason of the prohibition contained in an ordinance of the city of Vinton. The motion to direct on behalf of the defendant stresses the negligence of the plaintiff.

Was the plaintiff guilty of contributory negligence as a matter of law? Putting the question in another form: Did the

plaintiff act, under the circumstances, as a person of ordinary care and prudence should have acted, under the same or similar circumstances? Prior decisions on this troublesome question afford but weak precedents. Seldom do we find a similarity of facts. Plaintiff was in duty bound to exercise ordinary care, as the term is legally understood, to discover the approach of a train. It is undisputed that he not only looked and listened, but he stopped his car twice before crossing the tracks. He realized he was in a danger zone. There were diverting circumstances which must be considered in determining the question of contributory negligence. One naturally asks, What further precautions should the plaintiff have taken? What did he do or omit to do that tends to establish the charge of contributory negligence? He not only looked and listened, but stopped. It is argued by appellant that, since the crossing had an automatic bell which was ringing, the failure of plaintiff to appreciate and respect that danger signal constitutes negligence on his part. Plaintiff heard the bell. He testified that "it kept ringing right up to the time of the accident." Unless the plaintiff was in duty bound to refrain from attempting to cross the tracks while the warning signal was sounding, it may not be said that he is guilty of contributory negligence as a matter of law, under the circumstances of this case. The tracks were in themselves a warning of danger. The automatic bell was installed, not simply to warn a traveler that he was approaching railroad tracks, but primarily to warn him of the danger of an approaching train. Although the automatic signal did not function in the same manner as crossing gates or a flagman, yet the bell constituted a warning that a train was approaching. The evidence discloses that the warning gong sounded when a train was on the main line only, and it was not necessarily a moving train. In other words, a train could approach this crossing on any of the other tracks, and the bell did not ring. Whether the plaintiff was guilty of contributory negligence must be determined by the character of the notice which the automatic bell gave him at the time in question. He testified that there was nothing in the ringing of the signal bell that notified him or gave him any knowledge that "it was only rung when a train was on one track." He assumed,

therefore, that the bell was rung by the passing of a train on any of the six tracks. Was he justified in this assumption? He had observed a freight train to the east of the crossing, and he thought this train was moving to the east. The caboose was not over a block away. He made this observation after he had crossed the second track, and in speaking of the warning signal which was then sounding, he testified:

"I thought it was ringing for this freight train going down there. I thought it was on the main track."

Again we ask, under these circumstances was he justified in attempting to cross the tracks? Would ordinary care require him to remain in a zone of absolute safety while the bell was ringing? We think not. We cannot hold that the automatic signal is in the same category as crossing gates or a flagman at a dangerous crossing. The bell was a circumstance to be considered by the jury, with all the facts and circumstances in evidence. It does not control the case, nor is it such a factor that would warrant a court in holding, as a matter of law, that a person, in failing to observe it other and differently than plaintiff did under the instant facts, is guilty of contributory negligence.

Further complaint is made in the refusal of the court to admit certain demonstrative and experimental evidence offered by the defendant in attempting to prove the distance that a train could be seen from several different points by one approaching the crossing. Sufficient to state that a substantial dissimilarity existed under the conditions of the offered testimony and the conditions immediately prior to the accident. It is universally recognized that tests or experiments, to be competent and admissible, must be substantially similar to conditions at the time pertinent to the inquiry. Whether or not a witness could see a train at a certain distance in either direction while standing a certain number of feet from the track would not control the question of contributory negligence, as the law imposes no duty upon a plaintiff to look at any particular point.

2. EVIDENCE: demonstrative evidence: dissimilarity of conditions.

The admission of such evidence is like the admission of a photograph. It rests with the sound discretion of the trial court, and unless there is a clear abuse of discretion, this court will

not interfere on appeal. In the instant case, we discover no prejudice in its exclusion.

The defendant introduced in evidence an ordinance of the city of Vinton, which provided, in substance, that no railroad company shall cause or allow the whistle of any locomotive engine to be sounded other than as necessary brake signals, and such as may be absolutely necessary to prevent injury to any person. Plaintiff alleged the failure to sound the whistle as negligence, and the defendant admitted, in answer, that no whistle was blown. The court embodied in its instruction the substance of the ordinance quoted, and further said:

3. RAILROADS: accidents at crossings: duty to sound whistle.

"If you believe from a preponderance of the evidence that the circumstances and surroundings were such that, in approaching the crossing in question at and before the time of the accident, it would be absolutely necessary, to prevent injury to the plaintiff's said automobile, for the defendant company to sound its engine whistle, then upon this issue you will find for the plaintiff."

In another instruction, reference was made to the obstructions to the west of the Eighth Avenue crossing, and the jury was told that, if they were such as obscured the vision of plaintiff in approaching the crossing, so that he could not see the approaching train from a point west thereof toward said crossing, then it was for the jury to determine whether or not, from the surrounding circumstances and evidence in the case, a condition existed whereby the defendant became obligated to sound the engine whistle at brief intervals, as the engine and train approached the crossing, to prevent injury to the property of the plaintiff. The interpretation placed upon this ordinance by the court imposed the obligation to blow the whistle if it was absolutely necessary to prevent injury to the plaintiff's automobile. The ordinance is essentially prohibitive, and imposes no affirmative duty upon the defendant. There is nothing whatever in the ordinance to justify the giving of an instruction making it the duty of the defendant to sound the whistle. In one paragraph of the court's charge, the jury was instructed that, notwithstanding the ordinance, the defendant had a right to sound the whistle when absolutely necessary to protect the prop-

erty of another. This is correct. If due care requires the sounding of a whistle, the failure to sound it cannot be excused on the ground that the same is not required by ordinance. *Glanville v. Chicago, R. I. & P. R. Co.,* 196 Iowa 456; *Anderson v. United States R. Adm.,* 197 Iowa 1. The test, aside from the prohibition of the ordinance, was not whether it was absolutely necessary to sound the whistle, but whether ordinary care, under the circumstances, required the sounding thereof.

Lastly, error is based on certain instructions of the court relative to the automatic signal device. The trial court, in its

4. TRIAL: instructions: submission of established fact.

statement to the jury, quoted, *inter alia,* the allegation of plaintiff's petition, to wit: That the defendant was negligent "in failing to have some proper and dependable signal or device that warned and protected the traveling public, and particularly this plaintiff, at the time in question." Instruction 12 restates this language, and it is made one of the grounds of negligence upon which a recovery could be based. Again, in Instruction 21, the jury was told, in substance, with respect to this assignment of negligence, that:

"If you believe from a preponderance of the evidence that, at the time and place in question, the defendant company operated its train at a high, dangerous, and unlawful rate of speed, at a point where the view of the approach to the crossing was wholly or partially obstructed by buildings, sheds, and freight cars, so that the plaintiff was prevented from seeing or hearing the on-coming train which struck the plaintiff's automobile, without having some proper and dependable signal or device at or near said crossing, to warn and protect the traveling public, and particularly this plaintiff, at the time in question," then, upon this issue, the finding should be for the plaintiff.

These two instructions submitted to the jury for determination the issue whether the defendant maintained "some proper and dependable signal or device" at the crossing, to warn and protect the traveling public. This item should not have been submitted. The undisputed evidence shows that the defendant maintained an automatic signal gong. It was a standard appliance. It was dependable. It worked properly, and was working at the time in question. These instructions constituted a

warrant for the inference, and the jury must have so inferred, that the device installed by the defendant company was not a proper or dependable signal or device to protect the traveling public. There was no evidence to sustain the submission, and there is nothing in the record disclosing what other or better signal or device could have been installed by the defendant company. It is said in *Glanville. v. Chicago, R. I. & P. R. Co.*, 190 Iowa 174:

"Under what circumstances a railroad company is required to keep a flagman at a crossing, or to maintain some device for warning persons of an approaching train, is not prescribed by statute. It is only to be done when ordinary statutory signals are insufficient as warnings to travelers about to make use of a crossing of unusual danger, and the railroad company, in the exercise of ordinary care, is required to give other notice or warning, additional to those ordinarily given."

The defendant company, in the exercise of ordinary care, did install a signal device as an additional warning, and one which was not required by statute. It is clear that the language of the instructions "without having some proper or dependable signal or device at or near said crossing" should not have been used, and it was error to submit this issue as a basis of recovery, in the instant case. Wherefore, the judgment entered is— *Reversed.*

ARTHUR, C. J., STEVENS and VERMILION, JJ., concur.