A. EMMERT, appellant, v. DON E. NEIMAN, as trustee and receiver, appellees.

No. 48499.

(Reported in 65 N.W.2d 606)

Louden & Manly, of Grinnell, for appellant.

E. W. McNeil, of Montezuma, for appellees.

Hays, J.—In this action plaintiff seeks to recover from an execution creditor, a trustee for the benefit of creditors, and from the receiver in the foreclosure proceedings, the remaining installments due under a contract of sale of certain real estate entered into between the plaintiff and the judgment debtor; also for real-estate taxes advanced on the real estate in question which was sold under special execution by the trustee. It is before us on a question of pleading.

Originally, plaintiff filed his petition in three counts to which the defendant made a motion to dismiss. The trial court, Hon. Frank Bechly presiding, sustained the same on all of the grounds set forth in said motion. Thereafter, and within the time allowed by the court, plaintiff filed an amended and substituted petition as to Count II of the petition which was dismissed under the prior ruling. To this, defendants filed a motion to dismiss, setting forth the same grounds as were alleged in the prior motion, and in addition that it was merely a repetition of the former petition. The trial court, Hon. R. G. Yoder presiding, sustained the motion upon the last stated ground. Plaintiff appeals from both rulings.

The original petition, Count II only is considered, in substance set forth the following facts: Plaintiff is the owner of the legal title to two tracts of land, described, in Grinnell, Iowa, which was sold under contract in 1944 and 1945 to one Edward Andersen. Warranty deeds were to be delivered upon full payment being made by installments, as set forth in the contracts. In 1947 Andersen executed a mortgage upon his assets to Don E. Neiman, as trustee for the benefit of his creditors. Included

in the mortgage was the real estate purchased under the contracts, and upon which there were installments coming due in the future. Later in 1947 Andersen assigned his interest in the contracts to Don E. Neiman, as an individual. In April 1952, Neiman, trustee, foreclosed the mortgage and was also appointed as receiver to collect the rents and profits. Special execution issued and the property was sold to plaintiff for the full amount of the judgment. Sheriff's certificate issued.

It was further alleged that the sale purported to be of the entire interest in the real estate, which was, in fact, a greater interest than Andersen had therein, and also to include the interest of Don E. Neiman under the assigned contracts; that Neiman was not a party to the foreclosure action; that if a deed issued under the certificate it would be subject to the interest of Neiman and to the unpaid balance due under the sale contracts with Andersen, all contrary to the sale as advertised; that there was due on the contracts the sum of $2350 with interest, and the additional sum of $1201.28 for real-estate taxes for the years 1944, 1945 and 1946, which had been advanced by plaintiff. Judgment for these amounts is asked against Don E. Neiman, receiver.

Defendant Don E. Neiman, receiver, filed a motion to dismiss the petition alleging, among other matters, that it failed to state a cause of action. The trial court sustained the motion upon all of the grounds alleged in the motion.

Thereafter, and within the time allowed by the trial court, plaintiff filed an amended and substituted petition alleging the facts above set forth. In addition, it is alleged that at the time of the sale plaintiff inquired as to what was being sold and was informed that realty was being sold as advertised; the real estate was advertised by its legal description with no mention made of any equitable interests therein; that in reliance thereon, he purchased the same and paid the full amount of the judgment; that since the sale the receiver has paid to plaintiff the sum of $1000, representing payments due under the contracts up to and including March 1, 1953, but refuses to make further payments thereon. He also refuses to pay the amount of taxes advanced. Judgment is asked against Don E. Neiman,

trustee, and Don E. Neiman, receiver, for the same amounts asked in the original petition.

Both defendants filed motions to dismiss the petition, alleging the same grounds advanced in the prior motions and the additional ground that the substituted petition was merely a repetition of the original one. The trial court sustained the motion on the additional ground alleged with no reference being made to the other grounds.

I. Appellant asserts error in the dismissal of the substituted petition on the ground that it was a mere repetition of the original one.

An examination of the two petitions shows that while many of the allegations are repetition, there are matters alleged which are not contained in the original one. It is alleged that it was represented to plaintiff, at and prior to the sheriff's sale, that the entire estate was being sold when in fact such was not the case; that relying upon this representation the plaintiff purchased the property. In fact, it appears as if it was intended to allege fraud which was not in the former one. The substituted petition also asks judgment against both of the defendants, while in the former a judgment is asked only as to Neiman, receiver. In our judgment the ground that it was mere repetition is without merit.

However, while the trial court did not consider the other grounds advanced in the motion, the motion included the ground that the petition failed to state a cause of action. We have held many times that in reviewing a ruling sustaining a motion to strike or dismiss, the same should be sustained if any of the grounds advanced are good, even though the one upon which the trial court based its ruling is not. Shaw v. Addison, 236 Iowa 720, 18 N.W.2d 796; Pappas v. Evans, 242 Iowa 804, 48 N.W.2d 298; Hall v. West Des Moines, 245 Iowa 458, 467, 62 N.W.2d 734, 739.

We are unable to find a stated cause of action in the substituted petition. If fraud be the basis thereof there is no allegation as to who made the representations as to the estate that was being sold, at least it is not alleged that such was made by either of the defendants, even assuming that the relief

asked would be proper in case of fraud. This we do not determine. Furthermore, a failure by the purchaser at an execution sale to obtain the title he thought he was buying does not, in the absence of fraud charged against those responsible for the sale, give rise to a cause of action against the execution creditor. The rule of *caveat emptor* prevails. The purchaser must examine, judge and test for himself. Rippe v. Badger, 125 Iowa 725, 101 N.W. 642, 106 Am. St. Rep. 336; Home Savings Bank v. Klise, 205 Iowa 1103, 216 N.W. 109; Martens v. Martens, 234 Iowa 519, 12 N.W.2d 201; 33 C. J. S., Executions, section 287(a). No contractual obligation upon the part of either of the defendants is alleged. Under no legal theory brought to our attention would the defendants be liable to plaintiff for the unpaid installments and advanced taxes, under the allegations of this petition.

As to the receiver, he was appointed by the court with instructions to pay the installments under the contract, during the period of redemption. This he did and there his duty would appear to end.

The judgment of the trial court in sustaining the motion to dismiss the substituted petition is affirmed. This removes any need to consider the prior ruling.—Affirmed.

All JUSTICES concur.