W. STANLEY MOONEY, appellant, v. JOHN W. NAGEL, appellee.

No. 49930.

(Reported in 103 N.W.2d 76)

MAY 3, 1960.
REHEARING DENIED JUNE 17, 1960.

Pruss & Flores, of Cedar Rapids, for appellant.

Rees, Remley & Heiserman, of Anamosa, for appellee.

THORNTON, J.—Plaintiff was employed by defendant to operate a corn sheller doing custom shelling. He was injured on October 24, 1957, in the course of his employment and alleges in this action his injury was caused by defendant's negligence in providing defective equipment for him to work with. The trial court sustained defendant's motion for a directed verdict.

■ I. Defendant argues for an affirmance because, it is said, plaintiff has not assigned or argued error in sustaining the motion to direct upon the grounds of lack of proximate cause, plaintiff's negligence being the sole proximate cause and plaintiff's assumption of risk. We think the appeal should be considered on its merits and not, in effect, summarily dismissed on the technical consideration defendant urges.

Defendant's motion to direct is based upon thirteen numbered grounds, including those incorporated by reference. There is much repetition in them. They could well have been stated as three grounds substantially as follows: Insufficient evidence that defendant negligently furnished plaintiff a reasonably safe corn sheller with which to work; insufficient evidence such alleged negligence was the proximate cause of plaintiff's injury; and as a matter of law plaintiff assumed the risk of defendant's negligence.

The court violated rule 118, Rules of Civil Procedure, by not making a separate ruling on each ground but sustained the motion generally. However, in explaining to the jury its reason for directing the verdict it stated it was because it thought "there was no evidence it [corn sheller] was not a safe instrument."

In his opening brief plaintiff's first two assigned errors are: "The court committed error in sustaining the motion for directed verdict and holding * * * as a matter of law the corn sheller was not in an unsafe or defective condition." and "The record evidence presented a question for the jury and it was error to withdraw the case from the jury as the evidence is

replete with issues of negligence." Both these assignments are fully argued.

Defendant's brief argues the evidence fails to show his alleged negligence was the proximate cause of plaintiff's injury but affirmatively shows plaintiff's negligence was the sole cause thereof. Plaintiff's reply brief answers this argument for defendant. Both in his printed argument and upon oral submission to us defendant's counsel conceded the issue of assumption of risk was for the jury. This amounts to a concession his motion to direct was not good upon the ground of assumed risk.

█ Rule 118, Rules of Civil Procedure, was intended to avoid the necessity of an appellant arguing each and every ground of a motion to direct or dismiss which has been sustained generally and to require the trial court to make clear to the parties and to this court what grounds of the motion are sustained, so the arguments on appeal may be confined to those grounds. See comments 1 Cook's Iowa Rules of Civil Procedure, page 752; and Nesci v. Willey, 247 Iowa 621, 629, 75 N.W.2d 257, 262.

█ Of course an appellee is entitled to argue here that grounds of the motion which were not sustained are good and should have been sustained. We have repeatedly so held. Shaw v. Addison, 236 Iowa 720, 733, 734, 18 N.W.2d 796, 803, 804, and citations; Hull v. Bishop-Stoddard Cafeteria, 238 Iowa 650, 667, 26 N.W.2d 429, 439; and Emmert v. Neiman, 245 Iowa 931, 934, 65 N.W.2d 606, 608.

In Hull v. Bishop-Stoddard Cafeteria, supra, the trial court, as here, disregarded rule 118 by not ruling separately upon each ground of a motion to direct but sustained the motion generally. We disposed of such a contention as defendant makes here by saying: "* * * an appellant ought not be compelled to argue every ground of a motion in his opening argument in anticipation that appellee in his answering argument may invoke the Rule as to some or all of the grounds not specifically ruled on by the trial court. Motions to direct verdicts were apparently particularly in the minds of those who drafted Rule 118."

The precedents defendant cites in support of his argument

the appeal should not be considered on its merits antedate our Rules of Civil Procedure. Even under those decisions, however, in view of the indication in the record of the trial court's reason for directing the verdict and defendant's concession regarding the issue of assumed risk, we think plaintiff has sufficiently assigned as error and argued the grounds of the ruling upon which the case was disposed of.

II. We will examine the sufficiency of the evidence to show negligence and it is our duty to view the same in the light most favorable to plaintiff. Plaintiff was first employed by defendant to operate a custom corn sheller about August 15, 1957, and operated the corn sheller until his injury October 24. He had been around farms all of his life but had not previously operated a corn sheller. The corn sheller was a John Deere mounted on a truck. On the left side of the sheller is an elevator to elevate the shelled corn to about eight or ten feet. The top of the elevator is a gooseneck and empties into the shelled corn auger. The corn is then augered out to a truck or wagon. At the top of the hopper on the shelled corn auger is a shield that fits around the gooseneck part of the elevator and prevents the shelled corn from spilling or bouncing out of the hopper as it comes out of the elevator. At the end of the auger below the elevator are gears that operate the auger. On the day of the injury plaintiff was operating the sheller on the Swanson farm. The shield that fits around the gooseneck over the hopper was not there and had not been for two or three weeks. The auger started kicking corn out of the hopper and to prevent this plaintiff started to wrap a grain sack around the gooseneck to take the place of the shield, the grain sack flapped back and as plaintiff reached down to catch the sack his hand caught in the gears at the end of the auger. Plaintiff had been instructed to place a sack around the gooseneck to prevent the grain from spilling out. He had informed defendant that the shield was missing on three occasions and defendant had then advised him to use a grain sack around the hopper until he got another shield. Plaintiff did not stop the sheller when he attempted to place the sack around the hopper. He could have stopped it, and started it in a matter of one or two minutes, but the shelling

was in full operation and he had been told by defendant to keep the sheller going, "* * * when the sheller was going he was making money and when it stopped he was losing money * * *." One witness for plaintiff testified defendant asked him how it happened and when he, the witness, said plaintiff was putting a sack around the auger because the corn was spilling out, the defendant said, " 'Oh, I have done that myself.' "

We have often stated the rule that an employer must use reasonable care to provide and maintain for his employees reasonably suitable and safe appliances, machinery and tools with which to work. Frederick v. Goff, 251 Iowa 290, 295, 100 N.W.2d 624, 627; Von Tersch v. Ahrendsen, 251 Iowa 115, 118, 119, 99 N.W.2d 287, 289; Erickson v. Erickson, 250 Iowa 491, 498, 94 N.W.2d 728, 732; O'Reagan v. Daniels, 241 Iowa 1199, 1205, 44 N.W.2d 666, 669, and citations; and annotation, 67 A. L. R.2d 1120, 1130.

There is clear evidence the absence of the shield over the auger created a defective condition of the sheller to perform the work of shelling corn and depositing it in a truck or wagon to be hauled away. It is certainly a fair inference the farmer for whom the work is being performed does not want shelled corn on the ground around the sheller. The defendant was aware of this situation and there is evidence he told plaintiff to wrap a sack around the hopper, also that there was ample time to replace the shield before the injury. The jury could properly find this condition rendered the sheller unsafe for plaintiff to work with, and there was negligence in directing plaintiff to wrap the sack around the hopper.

In the recent case of Frederick v. Goff, supra, wherein a farm hand was injured by slipping into the auger of an ensilage blower while attempting to place a defective knuckle back on the power take-off shaft to the wagon being unloaded into the hopper, we held the defective and worn condition of the knuckle and shaft was sufficient evidence of defective condition and unsafe for the plaintiff to work with.

Likewise in O'Reagan v. Daniels, supra, wherein a farm hand was injured while untwisting a twisted hay rope to allow a fork full of hay to go into the barn, we held the question of

the failure to use reasonable care to furnish a reasonably safe place to work and reasonably safe appliance to work with was for the jury.

In each of these cases, as here, the plaintiff was attempting to remedy a defective condition in order to properly carry on the work.

III. We have in Frederick v. Goff, supra, filed after this case was tried, at pages 297 to 304 of 251 Iowa, pages 628 to 632 of 100 N.W.2d, thoroughly considered and discussed proximate cause in actions based on negligence of an employer in furnishing an employee defective equipment. That discussion is applicable here. In the course of the opinion at pages 299, 300 of 251 Iowa, page 630 of 100 N.W.2d we said:

"* * * Reasonable minds could conclude defendant's conduct in furnishing plaintiff defective equipment with which to do the work required of him was a substantial factor in bringing about his injury or, in language we have used, the injury 'is traceable in some material degree' to the alleged negligent act. They could also find plaintiff's attempt to adjust or temporarily repair the defective parts was a normal response to the stimulus of the situation (stoppage of the unloading device) created by such negligent act. Plaintiff may have been contributorily negligent but, as stated, this does not bar recovery. It only mitigates or reduces the damages."

In this case reasonable minds could conclude plaintiff's attempt to prevent the corn from spilling out of the auger hopper was a normal response to the situation created by the negligent act, the failure to furnish a shield for the hopper.

IV. Plaintiff complains because the trial court allowed defendant to amend his answer and plead assumption of risk after the trial was under way, and because he, the plaintiff, was not allowed to amend to conform to the proof at the close of the case by adding two specifications of negligence. The ruling on the amendment to the answer was correct. We see no justification for the court's refusal to allow plaintiff to amend to conform to the proof. The specifications went to directions given plaintiff by defendant to prevent the spilling of the corn while the shield was missing. Both plaintiff and defendant had

offered evidence on the issue. We are not unmindful of the discretion necessarily lodged in the trial court, but where the parties have voluntarily offered evidence on an issue the denial of an amendment to conform to such proof appears to be beyond fair discretion. The allowance of an amendment is the general rule and to deny it the exception. Rule 88, Rules of Civil Procedure, contemplates a reasonable allowance of amendments where, as here, the claim is not substantially changed.

The trial court was in error in sustaining defendant's motion to direct a verdict and the case must be and is reversed and remanded.—Reversed and remanded.

GARFIELD, THOMPSON and GARRETT, JJ., concur.

LARSON, C. J., and HAYS and PETERSON, JJ., dissent.

BLISS and OLIVER, JJ., not sitting.

LARSON, C. J. (dissenting)—I must respectfully dissent herein in what is perhaps a futile effort to halt our unreasonable trend toward calling every farm implement defective if it can in any way be connected to the injury of an employee. I had some misgivings in the recent case of Frederick v. Goff, 251 Iowa 290, 100 N.W.2d 624, but now I am quite sure we are making the farmer an insurer of his employees. Everyone who knows anything about farm implements knows full well that the parts become worn, and covers which have nothing to do with the mechanical operation are lost or left off. Any mechanical device needs attention and minor adjustments. However, when by some foolish and unnecessary act by the employee, the employee is injured while attending that machine, we now practically invite a jury to grant him recovery by calling the farm implement defective. Such conclusions are not at all realistic or just.

If we continue this liberal trend, the farmer should, and no doubt will, desire coverage under the Workmen's Compensation Act.

In this case the loss of a shield high on the machine did not affect its operation. If the loss of grain which spilled out was

substantial, the machine should have been stopped and the temporary cover installed. It certainly was unnecessary and improper to attempt to place thereon such a temporary shield while the machine was in operation. I would not hold the sheller a defective machine nor permit recovery here.

HAYS and PETERSON, JJ., join in this dissent.