ELAINE ALTHOF and FRANCIS ALTHOF, appellees, v. MERLIN BENSON and ALMA BENSON, appellants.

No. 52294.

JANUARY 10, 1967.

Mosier, Mosier, Thomas & Beatty, of Waterloo, for appellants.

1256

Kildee, Keith, Gallagher, Lybbert & Martin, of Waterloo, for appellees.

STUART, J.—This action arose out of an intersection collision. For the purposes of this opinion we will consider that the drivers of the two vehicles which collided are the only parties involved. At about 8:45 a.m. on February 4, 1963, plaintiff was proceeding east on Maynard Street in Waterloo. At the same time defendant was approaching Maynard Street from the south on Auburn Street. The streets were snowpacked and slippery. Yield signs controlled the traffic entering Maynard Street from Auburn Street. Defendant was unable to stop and her automobile struck the side of plaintiff's car as it traversed the intersection. The jury returned a verdict in favor of plaintiff. Defendant appeals assigning two errors.

I. Defendant claims the trial court erred in admitting the testimony of the investigating officer relating to an experiment he conducted after the accident. Evidence disclosed skid marks 60 feet long ending at the front end of defendant's car. It moved very little after the impact. Defendant testified she came over the crest of the hill on Auburn about 120 feet south of Maynard Street at about 10 miles per hour. She saw the street and the yield sign. She tried to stop but her speed increased to about 15 miles per hour. She saw plaintiff's car when she was about 60 feet from the center of the intersection. "* * * she tried to stop by stepping on the brake, letting up, and then stepping on it again. This didn't seem to slow the car down a bit and it continued in a straight line into the intersection."

On rebuttal Officer Raab testified he completed his investigation in about 35 minutes. He then drove the police car around the block and approached the collision intersection from the same direction as defendant. Traveling at a speed of 20 miles per hour he applied the brakes about 10 feet before the skid marks began and was able to stop in about 40-45 feet—about a car length and a half from the corner.

It is generally agreed experimental evidence is admissible if it is of such a nature that it tends to aid the jury in its deliberations. 20 Am. Jur., Evidence, sections 758, 759; Annotation, 78 A.L.R.2d 218, 220. Hackman v. Beckwith, 245 Iowa

791, 803, 64 N.W.2d 275. Defendant does not seem to take issue with the rule but claims the conditions and circumstances surrounding the accident and the experiment were so dissimilar that the trial court erred in permitting evidence of the experiment to be admitted.

The admission of experimental evidence rests peculiarly within the sound discretion of the trial court. He must determine if the conditions and circumstances as shown by the evidence are substantially similar. Hackman v. Beckwith, supra; Burg v. Chicago, R. I. & P. Ry. Co., 90 Iowa 106, 116, 117, 57 N.W. 680, 48 Am. St. Rep. 419; Huggard v. Glucose Sugar Refining Co., 132 Iowa 724, 729, 109 N.W. 475; Scott v. The Homesteaders, 149 Iowa 541, 548, 129 N.W. 310; Pond v. Anderson, 241 Iowa 1038, 1044, 1045, 44 N.W.2d 372; Cunningham v. Court, 248 Iowa 654, 666, 82 N.W.2d 292. We will interfere on appeal only if there has been an abuse of discretion. Hackman v. Beckwith, supra; Chicago Telephone Supply Co. v. Marne & Elkhorn Telephone Co., 134 Iowa 252, 259, 111 N.W. 935; State v. Nowells, 135 Iowa 53, 59, 109 N.W. 1016; Langham v. Chicago R. I. & P. Ry. Co., 197 Iowa 1118, 1122, 198 N.W. 525.

We must therefore examine the claimed dissimilarities between the conditions and circumstances surrounding the accident and those surrounding the experiment. Different cars were used. There was no showing of the respective gross weights of defendant's 1951 Chevrolet and the officer's 1963 Ford. There was no showing of similarity in type and size of brakes or the size of the wheels or tires. Both vehicles were equipped with snow tires. The fact that a different car is used does not in and of itself exclude experimental evidence. 78 A.L.R.2d 218, 225.

The foundation could have been improved. The weight of the vehicles and size of the tires bear a direct relationship to stopping distance. Failure to show such comparisons might have justified the trial court in excluding the evidence. However, it is common knowledge that Chevrolets and Fords are in the same class and price range. We do not think the foundation in this respect was so deficient that the trial court abused its discretion in failing to exclude the experimental evidence. The size of the wheels and type of brakes seem relatively unimportant

1258

under these circumstances. Braking power is not an issue. The brakes were fully applied and the wheels were skidding.

The evidence disclosed the streets were snowpacked and, slippery. The officer testified there were some bare spots where the plow cut down to the paving, "but at that hour of the morning I think practically all of it had a slight frost cover on it." Defendant contends the failure to show that the temperature and condition of the road surface were the same at the time of the accident and experiment conducted 35 minutes later requires the exclusion of the evidence. There was evidence the temperature was 30 degrees and the weather clear. Defendant testified: "That she did not remember if the temperature remained about the same that day but that it was quite cold. * * * 'I(t) didn't warm up dramatically. I really couldn't remember.' * * * That the temperature must have been below freezing for some time because 'I don't think it had thawed at all.' "

An improved foundation would have lessened the chance of an adverse decision by the trial court. However, the experiment was conducted about 35 minutes after the accident. There is nothing to indicate a substantial change in conditions during that period of time. Rarely will an experiment take place under conditions so similar to those present at the time of the accident. ■ If one were required to show the mental attitude and skill of the party and that of the person conducting the experiment were similar, experimental evidence would seldom be admissible. The same is true of similar traffic conditions. These factors must necessarily go to the weight of the evidence.

We have discovered no Iowa cases in which we have held the trial court abused its discretion in determining the admissibility of experimental evidence, whether it was admitted or excluded. The facts here do not show an abuse of discretion. We believe sufficient foundation was laid here to support the court's ruling admitting this evidence.

II. Prior to trial defendant made a motion asking (1) that the amount sued for in this case be kept from the jury throughout the trial, (2) that counsel for plaintiff be instructed to make no oral mention of the amount of the ad damnum in any phase of the trial, (3) that no mention of such amount be made in any written instruction read to the jury. The motion was overruled.

Counsel stated in his opening statement and in argument that Elaine Althof was seeking $47,500 and Francis Althof was seeking $7500. The court instructed the jury with respect to Mrs. Althof's claim: "Your total award of damages cannot exceed the sum of $47,500." With respect to Mr. Althof's claim the jury was instructed: "In no event can the allowance for these items exceed $7500, the amount claimed by the plaintiff." The jury returned a verdict of $22,500 for Mrs. Althof and $2500 for Mr. Althof. The overruling of this motion in limine is one of the grounds urged in defendant's Motion for New Trial.

Defendant cites cases from jurisdictions which have held such references to the amount of damages claimed in the pleading improper. Affett v. Milwaukee & Suburban Transport Corp., 11 Wis. 2d 604, 106 N.W.2d 274, 280, 86 A. L. R.2d 227; Botta v. Bruner, 26 N. J. 82, 138 A.2d 713, 60 A. L. R.2d 1331; Williams v. Nichols, 4 Cir., 266 F.2d 389.

There is a distinction between statements and arguments of counsel and instructions of the court. We recently have refused to reverse judgments for plaintiff on the ground that per diem formulas for pain and suffering were suggested in argument. Corkery v. Greenberg, 253 Iowa 846, 854, 114 N.W.2d 327; Cardamon v. Iowa Lutheran Hospital, 256 Iowa 506, 512, 128 N.W.2d 226. It is not improper for an attorney to inform the jury of the amount plaintiff claims as damages. The jury knows he represents plaintiff. The inclusion of a specific sum in the court's instruction might have entirely different effect. We considered this problem in Cory v. State, 214 Iowa 222, 228, 242 N.W. 100. We said: "It is perhaps true that the mind of a juror is very responsive to suggestions from the court; and perhaps equally true that it is not so responsive as the professional mind often suspects. The instruction, as given, was not erroneous, though we are disposed to the view that in cases claiming unliquidated damages, the plaintiff is not entitled, as a matter of right, to have the amount of his claim, often exaggerated, stated to the jury, and that an omission of the statement of such amount from the instructions would be quite appropriate." We believe this statement to be sound.

However, we have long held this type of instruction is not improper. McMarshall v. The Chicago R. I. & P. Ry. Co., 80

Iowa 757, 765, 766, 45 N.W. 1065, 20 Am. St. Rep. 445; Mc-Govern v. Inter Urban Railway Co., 136 Iowa 13, 22, 111 N.W. 412, 13 L. R. A., N.S., 476, 125 Am. St. Rep. 215; Grace v. Minneapolis & St. L. Railroad Co., 153 Iowa 418, 433, 133 N.W. 672; Winter v. Davis, 217 Iowa 424, 438, 251 N.W. 770; Annotation, 2 A. L. R.2d 454. Such statement is included in the Uniform Jury Instructions, Nos. 3.7, 3.8, 3.9 and 3.10.

In any event, error would have been harmless because there was no showing of prejudice to defendant. The verdicts were considerably smaller than the amount prayed for. There is no claim they were excessive under the evidence. "The proper rule is, a new trial should not be granted to a party not prejudiced. The defendants here do not contend the verdict was excessive. It is difficult to see how they would be otherwise prejudiced by this argument. It is not germane to other issues." Corkery v. Greenberg, 253 Iowa 846, 854, 114 N.W.2d 327.

See also McGovern v. Inter Urban Railway Co., and Grace v. Minneapolis & St. L. Railroad Co., both supra; Annotation, 2 A. L. R.2d 454, 470, sections 12, 13; Cory v. State, supra, Stoner v. Iowa State Highway Commission, 227 Iowa 115, 126, 287 N.W. 269.

For the reasons stated above, this case is affirmed.—Affirmed. All JUSTICES concur.