**Joseph GALBRAITH, Administrator of the Estate of Shirley Galbraith, Appellant,**

**v.**

**Ronald Colin GEORGE et al., Appellees.**

**No. 55615.**

Supreme Court of Iowa.

April 24, 1974.

Joe P. Crookham, Oskaloosa, for appellant.

Baumert & Gerard, Sigourney, for appellees George, Schmidt and Conkity.

Cahill, Lovelace, Poula & Wimpey, Iowa City, for appellees Dalziel. .

Submitted to MOORE, C. J., and RAWLINGS, REES, HARRIS and McCORMICK, JJ.

REES, Justice.

Plaintiff appeals from adverse jury verdict in an action to recover damages for the death of plaintiff's decedent, a daughter, aged 18. Plaintiff's decedent was a passenger in an automobile owned by defendant Phyllis Dalziel and allegedly operated with the owner's consent by the owner's son, defendant Rodney Dalziel. The automobile in which plaintiff's decedent was riding came into collision at an intersection of graveled roads about four miles northwest of the town of Keswick with a milk truck driven by defendant Ronald George and owned by defendants Denny Schmidt and Omar Conkity. The automobile allegedly driven by Dalziel was proceeding northerly and the milk truck westerly just prior to the collision of the vehicles. No stop signs inhibited traffic from entering the intersection at any of the four approaches thereto.

Plaintiff in his petition alleged defendant Rodney Dalziel, the driver of the automobile in which plaintiff's decedent was a passenger, was operating the same in a reckless manner and that the milk truck driven by defendant George was being operated negligently, in the respects specified in plaintiff's petition. He sought recovery from all defendants, contending that the reckless operation of the automobile by Rodney Dalziel and the negligent operation of the truck by George concurred as to causation of the collision.

The matter was tried to a jury and a verdict was returned for all defendants and against the plaintiff. Plaintiff moved for a new trial and his motion was overruled and this appeal ensued.

In his statement of the issues plaintiff asserts error in the following respects:

1. Trial court erred in permitting the defendants to file amendments to their answers which substantially changed the defense, said amendments having been permitted during course of trial and shortly before plaintiff rested.

2. Trial court erred in admitting expert testimony relating to experiments and observations made at the intersection two years after the accident and after material changes had been made on the approach thereof from the east.

3. Trial court erred in admitting photographs of the intersection taken two years after the accident after the material changes had been made in the approach to the intersection from the east.

4. Trial court erred in refusing to instruct the jury at the request of plaintiff there was a legal presumption the owner's permittee was the driver of the vehicle in which plaintiff's decedent was riding.

5. Trial court erred in failing to instruct the jury that the directional right of way is subordinate to proper lookout, control and the obligation to reduce speed when entering an intersection.

6. Trial court erred in instructing the jury as to sole proximate cause.

7. Trial court erred in refusing to permit plaintiff's expert witness to testify as to the effect of inflation on future earnings of plaintiff's decedent.

8. That the cumulative effect of various errors above assigned was so prejudicial as to form a basis for a new trial.

I. Plaintiff contends the action of the trial court in permitting amendments by defendants was prejudicial to him as he had prepared his case on the issues formed by the pleadings prior to the permitted amendments.

Shortly before plaintiff rested his case in chief, the Dalziel defendants filed an amendment to their answer alleging as an affirmative defense that the "sole proximate cause of the accident was the negligent design and condition of the intersection where the accident occurred and the negligent design and condition of the roads approaching the intersection." At the close of all the evidence the defendants Schmidt and Conkity moved for leave to amend their answer to assert the same affirmative defense. Plaintiff's objections to the allowance of the amendments were overruled.

The issues at the time trial commenced were framed in terms of the negligent and reckless operation of the two vehicles by the several defendants. Plaintiff claims the allowance of the amendments raised an entirely different issue which he was not prepared to meet, thereby prejudicing his case and relying on rule 88, Rules of Civil Procedure, claims the trial court abused its discretion in allowing said amendments. Rule 88 in pertinent part provides:

"* * * The court, in furtherance of justice, may allow later amendments, including those to conform to the proof and which do not substantially change the claim or defense. * * *"

■ Amendments should be allowed as a general rule, and denied only in exceptional cases, although they should not be permitted when they substantially change the issues. We will not interfere with the trial court in permitting amendments except for an abuse of discretion. Board of Adjustment of City of Des Moines v. Ruble, 193 N.W.2d 497, 507 (Iowa 1972); Townsend v. Mid-America Pipeline Co., 168 N.W.2d 30, 37 (Iowa 1969); Dailey v. Holiday Distributing Corp., 260 Iowa 859, 865, 151 N.W.2d 477, 482; Akkerman v. Gersema, 260 Iowa 432, 439, 149 N.W.2d 856, 860.

On the trial of this case, plaintiff's witness, Barnhardt, testified on direct examination that the accident occurred at a "blind intersection". Plaintiff's witness, Fuller, on direct examination, stated it would be doubtful if the driver of a vehicle beyond 50 feet from the intersection approaching from either the east or south would be able to see other vehicles approaching from the south or east respectively. The sheriff of Keokuk County, testifying for plaintiff on direct examination, described the condition of the intersection, the approaches thereto and the surrounding terrain. Several photos were introduced by plaintiff showing the intersection and its approaches.

In Laverty v. Hawkeye Security Ins. Co., 258 Iowa 717, 725, 140 N.W.2d 83, 88, in commenting on a situation where at the close of all evidence plaintiff had asked leave to amend to conform to proof, we said:

"Rule 88, Rules of Civil Procedure, contemplates a reasonable allowance of amendments to conform to proof. While the issues may not be substantially changed wide discretion is vested in the trial court. Where the parties voluntarily offer evidence on an issue the denial of an amendment to conform to such proof would be beyond fair discretion. Mooney v. Nagel, 251 Iowa 1052, 1059, 103 N.W.2d 76. See also Thorne v. Reiser, 245 Iowa 123, 128, 60 N.W.2d 784."

■ Plaintiff, as a part of his main case, offered evidence having to do with the design, construction and available sight distances at the intersection where the accident occurred. Plaintiff's contention the trial court erred in permitting amendments is without merit.

II. The second and third issues presented for review by plaintiff concern the admission of photographs of the terrain and expert testimony of certain experiments made at the intersection two years after the accident and after changes had admittedly been made in the approach to the intersection.

Dr. Brown, a witness for the Dalziel defendants, testified to his conclusions relative to the dangerous condition of the intersection based on his personal observations two years after the occurrence of the collision, and based also on various measurements and experiments he conducted at the intersection. He referred in his testimony to photographs of the intersection taken two years after the accident. He concededly had not observed the area prior to that time. Plaintiff objected to the testimony of Dr. Brown on the basis that material changes in conditions had occurred at the intersection.

Subsequent to the accident, but before Dr. Brown observed the intersection, and prior to the taking of the photographs, the east approach to the intersection was regraded and raised approximately four feet, in attempt to ease a steep grade up that approach. Stop signs were erected inhibiting east and west traffic. It was established that the vegetation along the roadways had undergone seasonal changes. Plaintiff contends these changes in condition were so material as to render Dr. Brown's conclusions drawn from his experiments and the photographs inadmissible.

The admission of experimental evidence as to visibility factors rests within the sound discretion of the trial court, upon its determination that the conditions and circumstances of the accident and the evidence of experiments sought to be adduced are substantially similar. Althof v. Benson, 259 Iowa 1254, 1256–1257, 147 N. W.2d 875, 876–877; Annot., 78 A.L.R.2d 152, 180 et seq. Only rarely will an experiment take place under conditions identical to those present at the time of the happening of the accident.

In testifying as to his experiments as to sight distances, Dr. Brown related extensively his observations on the raised grade of the east approach and carefully noted that a lower grade, such as existed at the time of the accident, would have aggravated the visibility problem. In offering the photographs of the various approaches into evidence, the defendants stipulated that the depiction therein of weeds, shrubbery and foliage was not necessarily the same as they were two years earlier at the time of the accident. Dr. Brown testified he was aware of the raised grade in the east approach, and that his pictures from that approach were accurate only to the extent the grade had been heightened. The photographs showed a lack of visibility of cars on the east approach to operators of vehicles approaching from the south, even with the grade raised to its later elevation.

Photographic evidence is admissible over objection based on change of conditions, unless an abuse of discretion is shown. Englund v. Younker Brothers, Inc., 259 Iowa 48, 55, 142 N.W.2d 530, 533–534. Where the record establishes similarity of conditions between the time the photos were taken and the date of the happening of an accident, no abuse of discretion is shown. Harrison v. Ulicki, 193 N.W.2d 533, 535–536 (Iowa 1972); Annot., 9 A.L.R.2d 899; Riggs v. Pan-American Wall Paper & Paint Co., 225 Iowa 1051, 1058, 283 N.W. 250, 253.

In 32 C.J.S. Evidence § 715, p. 1012, we find:

"The fact that there are differences or changes in conditions, including even substantial changes, will not necessarily exclude a photograph where the changes or differences can be and are explained, so that the photograph, as explained, will give a correct understanding of the condition existing at the time to which the controversy relates, and be practically instructive."

The foregoing principle is applicable to the testimony of Dr. Brown respecting his experiments and to the photographs. All changes in the intersection, and the effect of those changes on Dr. Brown's experiments, were appointed out to the jury. We find no merit in this contention of plaintiff.

III. Plaintiff next contends the court erred in refusing to instruct the jury that where there are no witnesses who can testify from personal knowledge as to the identity of the driver of a vehicle, there is a rebuttable presumption that where the owner or his permittee was in the vehicle, such person was the driver thereof.

Reference is made in plaintiff's brief and argument to a request for such an instruction made by plaintiff. Such request for instruction does not appear in the Appendix.

The claimed error in the issue here stated for review was apparently not preserved, and is not properly before us. We therefore hold there is no merit in plaintiff's assertion of error in this regard.

IV. Plaintiff's next contention is that instruction 13 relative to right of way should have been correlated with the other instructions as to the duty to maintain proper lookout and reduce speed when traversing an intersection and the duty of defendant George to maintain control of the milk truck through an additional instruc-

tion that right-of-way is not an absolute but rather a relative right.

Instruction 13 referred to is as follows:

"The laws of Iowa provide that where two vehicles are approaching on any street or highway so that their paths will intersect and there is danger of collision, the vehicle approaching the other from the right shall have the right-of-way.

"This means that where vehicles on intersecting streets or highways approach the intersection at such speed and so nearly the same time that if both proceed without regard to the other, a collision is reasonably to be expected, the driver of the vehicle approaching the intersection from the left is required to yield to the motor vehicle approaching from the right.

"A failure to comply with this provision of law constitutes negligence."

Proper instructions were given the jury with respect to lookout, the reduction of speed when traversing an intersection, and the duty to maintain control of an automobile.

In instruction 34 the court advised the jury that it had not attempted to embody all of the applicable law in any one of the instructions, but in the consideration thereof each instruction should be construed in the light of and in harmony with every other instruction, and applied as a whole to all of the evidence admitted at the trial.

Such is the proper rule of law. See Collegiate Mfg. Co. v. McDowell's Agency, Inc., 200 N.W.2d 854, 858 (Iowa 1972), and citations. The court was not obligated to embody reference to lookout, control and the duty to reduce speed when traversing an intersection in instruction 13.

V. Plaintiff next contends trial court's instruction 5, in which the court defined "proximate cause", was incorrect where the plaintiff's burden under the law is only to show that the conduct of any one of the defendants was a proximate cause of the accident and resulting injuries and damages.

No exception was taken by plaintiff to instruction 5. Therefore this matter is not before us. Rule 196, R.C.P; Crist v. Iowa State Highway Comm., 255 Iowa 615, 628–629, 123 N.W.2d 424, 432.

VI. Plaintiff argues that the trial court erred in sustaining defendants' motion to exclude evidence of plaintiff's expert witness, Maurer, as to the effect of inflation in considering the amount of damages to plaintiff's decedent's estate. We have recognized the propriety of consideration of changes in the purchasing power of money. Schmitt v. Jenkins Truck Lines, Inc., 170 N.W.2d 632 (Iowa 1969); Jackson v. Chicago, M. St. P. & P. RR. Co., 238 Iowa 1253, 1268, 30 N.W.2d 97, 105.

However, the jury in this case never reached the question of damages, as a verdict was returned in favor of all defendants. Even if the exclusion of evidence dealing with damages was error, it did not constitute reversible error if there was no case of liability. Vasey v. Stern Finance Co., 259 Iowa 605, 145 N.W.2d 23; Rutten v. Investors Life Ins. Co. of Iowa, 258 Iowa 749, 758, 140 N.W.2d 101, 107. Such would seem to be the situation here. The jury obviously never reached the question of damages as its verdict was for all defendants and against the plaintiff. This contention of the plaintiff is also without merit.

We find no error prejudicial to the plaintiff to merit reversal. This case is therefore affirmed.

Affirmed.